1998 OK CIV APP 2

**John Larry HINTON, Petitioner,**

v.

**LABOR SOURCE, Own Risk, and the Workers' Compensation Court, Respondents.**

**No. 89894.**

Court of Civil Appeals of Oklahoma, Division No. 1.

Dec. 16, 1997.

J.L. Franks, Kathryn Burgy, Tulsa, for Petitioner.

Ronald E. Hignight, Tulsa, for Respondent.

*OPINION*

HANSEN, Presiding Judge:

¶ 1 The facts in this action are undisputed. This review arises from an order issued after a hearing in April of 1997 on the issue of Claimant's temporary total disability only. The only matter in dispute is whether an employer has the obligation to offer light duty to a claimant if it is available, or whether the burden is on a claimant to inform his employer he is available for light duty. Under the facts of this case, we hold an employer must inform an employee of the availability of light duty work in order to defend against responsibility for paying temporary total disability.

¶ 2 In 1994, Claimant sustained injuries to his back arising out of an accident which occurred during his course of employment with Respondent, Labor Source. Claimant underwent evaluation and physical therapy. He returned to light duty work for three or four days but found sitting caused him too

much pain. The treating physician took him off work indefinitely.

¶ 3 In September of 1996, the court sent Claimant to Dr. R. for treatment and at the time of trial, he was still receiving treatment. Claimant stated Dr. R. did not mention light duty work to him. In his report sent to Respondent, Dr. R. opined Claimant was still temporarily totally disabled though light duty positions could be offered to him. At trial, a personnel officer for Respondent testified she handles light duty assignments. She admitted she received Claimant's medical records from Dr. R. but she never told Claimant light duty positions were available nor did she offer him any such work. Neither did she contact Dr. R. to determine the type of work Claimant would be able to perform.

¶ 4 The trial court awarded Claimant temporary total disability benefits from January 9, 1997 to April 29, 1997. It further found Claimant was provided and offered light duty in 1994, but that further light duty was not made available to him until April 29, 1997. He was ordered to present himself for light duty at that time.

¶ 5 Respondent appealed to the three judge panel seeking reversal of the order because the evidence showed light duty was "available" to Claimant. The panel agreed and vacated the award of temporary total disability from January 9 to April 27. Claimant seeks review of this order.

¶ 6 Claimant emphasizes Respondent did not offer him light duty work, he was unaware his physician had advised Respondent in his report that he could perform light duty work, and he did not know light duty work was available to him. Respondent argues because Dr. R. indicated in his report that light duty work would be appropriate, and that type of work was available, it is not liable for temporary total disability during that period. We disagree.

¶ 7 Oklahoma Courts have not previously addressed this problem. However, in other jurisdictions courts have held that because the employer provided light duty work on one occasion did not prove that it could or would be offered a second time. It held the employer had the burden to prove light duty was available to the injured employee and that the employer actually notified him of that job.[1]

¶ 8 There was no evidence presented that Claimant knew he could return to light duty work. Although in 1994, he was offered and did perform light duty, this fact in no way evidences that in 1997 he should have known he could do light duty and that it was, indeed, available.

¶ 9 Respondent cites 85 O.S.1993 Supp. § 33 in support of its position. That section provides:

A. Any person receiving temporary disability benefits from an employer or the employer's insurance carrier shall promptly report in writing to the employer or insurance carrier any change in a material fact or the amount of income he is receiving or any change in his employment status, occurring during the period of receipt of such benefits.

¶ 10 Employer claims this statute places the burden of noticing the employer of changes in Claimant's employment status upon Claimant. However, there is no competent evidence in the record that Claimant was told he could go back to light duty work. This statute does not shift the burden to an employee to prove a negative, that there was no light duty available to him. Accordingly, the panel erred, as a matter of law, in finding Claimant was not temporarily totally disabled between January 9, 1997 and April 29, 1997 because of the availability of light duty work. The order of the three judge panel is VACATED. Trial court's order is reinstated.

JOPLIN and BUETTNER, JJ., concur.

1. See, *Air Products & Chemicals, Inc. v. Workmen's Compensation Appeal Board (Koval)*, 109 Pa.Commw. 565, 531 A.2d 826 (1987), overruled on procedural grounds by *FMC Corp. v. W.C.A.B. (Wadatz)*, 116 Pa.Commw. 527, 542 A.2d 616 (1988); *Lukens, Inc., v. Workmen's Compensation Board (Williams)*, 130 Pa.Commw. 479, 568 A.2d 981 (1990); *Georgia Pacific Corporation v. Wilson*, 225 Ga.App. 663, 484 S.E.2d 699 (1997).