1998 OK CIV APP 169

**John AKERS, Petitioner,**

**v.**

**SEABOARD FARMS, Own Risk, and the Workers' Compensation Court, Respondents.**

**No. 91,454.**

Court of Civil Appeals of Oklahoma, Division No. 3.

Oct. 20, 1998.

Fred Boettcher, Walt Brune, Ponca City, Oklahoma, For Petitioner.

R. Dale Kimsey, Oklahoma City, Oklahoma, For Respondents.

## OPINION

HANSEN, Judge.

¶1 Petitioner, John Akers (Claimant), seeks review of a Workers' Compensation Court order denying his claim for temporary total disability compensation. Respondent, Seaboard Farms (Employer), stipulates Claimant sustained an injury to his ankle on July 21, 1997, while he was under its employ. Employer, however, denies liability for temporary total disability compensation because it asserts light duty was provided to Claimant until his termination for failing a drug test. Employer contends Claimant is not entitled to compensation because his lack of work is due to his own misconduct unrelated to his injury.

¶2 Claimant testified he was shocked when he fell back onto an electrical fence while unhooking a trailer at Employer's farm. He stated the current entered his shoulder and exited his right ankle. He was examined at the emergency room, given crutches and treated with ice on his ankle. The morning after his injury, Claimant's "toes were swollen together", so he went to see Dr. McM. Dr. McM. put on a walking cast and released Claimant back to light work with restrictions of no prolonged walking or standing, and "should be sitting 100% of time."

¶3 Claimant further testified [1] he went back to work for Employer, missing the day after the accident to go to the doctor, [2] his work kept him off his feet for the first two days back, [3] it was painful walking about ¼ mile across a parking lot to get to where he was assigned, [4] after the first two days he was on his feet more, "sorting laundry and miscellaneous that they had to do in the supply room", [5] he was about to say something about being on his feet too much when he was terminated, [6] he worked part of the morning on Friday, July 25th, leaving for a doctor's appointment and not returning because of vehicle troubles, [7] he was suspended on the following Monday morning, the 28th, for failing a post-accident drug test, [8] he was terminated on July 30th because he was on probation for failing a pre-employment drug test, and [9] at the time of trial on March 16, 1998, he had not worked since being terminated, although he had been looking, but "it's just kind of hard to find a job and tell the employer that you can't be on your feet very long at a time."

¶4 Claimant introduced the medical report of Dr. K., who opined Claimant was temporarily and totally disabled from July 22, 1997, the day following the accident, and continuing until Claimant's medical condition is stabilized. Employer introduced forms signed by Dr. McM., reflecting on July 22, 1997, Claimant was released to light work with 100% sitting; on July 25, 1997, Claimant was continued on 100% sitting; on August 21, 1997, Claimant was authorized light duty with 75% sitting and no squatting, kneeling, climbing, prolonged walking or standing; and on September 11, 1997, Claimant was continued on the same restrictions.

¶ 5 The trial court denied Claimant's request for temporary total disability compensation without further specific findings. Claimant appealed to a three judge panel of the Workers' Compensation Court, alleging the relevant paragraph of the order denying compensation was "contrary to law and against the clear weight of the evidence." The three judge panel unanimously affirmed the trial court's order. That order is now before us for review.

¶ 6 Claimant contends there is no competent evidence to support the Workers' Compensation Court's finding he was not temporarily and totally disabled "since no light duty was offered from and after the time of his termination". The question of temporary total disability is one of fact to be decided by the Workers' Compensation Court, and such determination will not be disturbed on review if it is supported by competent evidence and is not contrary to law. *See, Bodine v. L.A. King Corp.,* 1994 OK 22, 869 P.2d 320.

¶ 7 Temporary total disability for which compensation may be awarded pursuant to 85 O.S. Supp.1997 § 22(2) is defined as "the healing period, or that period of time following an accidental injury when an employee is totally incapacitated for work due to illness resulting from injury." *Bodine,* at 322. The employee's ability to do light work, though not to engage in the same labor he had formerly performed, is sufficient to sustain a finding by the Workers' Compensation Court that the employee is not temporarily totally disabled. *Id.* It is the employer's burden to prove light duty was available to the injured employee and that the employer actually notified the employee of that availability. *Hinton v. Labor Source,* 1998 OK CIV APP 2, 953 P.2d 358.

¶ 8 The medical forms completed by Dr. McM. and submitted by Employer provide competent evidence that Claimant was able to do light duty. Claimant concedes he was provided light duty by Employer, at least for the first two days after he returned to duty. Whether he was assigned light duties, within medical restrictions, for the few hours he was at work on his third and final day, is a question of fact and there is evidence to support such determination. Whether Employer could have accommodated the discomfort and pain about which Claimant testified was not properly in question because there is no evidence Claimant ever related his difficulties to Employer.

¶ 9 The remaining question is whether Claimant is entitled to a temporary total disability award because Employer did not offer him light duty after he was fired. We hold that he was not so entitled. Under the Oklahoma Supreme Court's definition in *Bodine,* there is competent evidence Claimant was not "totally incapacitated for work due to illness resulting from injury." He was medically determined to be capable of light duty with restrictions and Employer provided such duties.

¶ 10 Employer has met the burden imposed by our law. There is nothing in our law which compels an employer to continue offering light duty, or for that matter, any type of work, to employees who violate the employer's policies. Claimant's argument would place him in a better position than uninjured employees who were terminated for similar reasons. We find no mandate in the Workers' Compensation Act to do so.

¶ 11 The New Mexico Court of Appeals rejected substantially the same argument in *Lackey v. Darrell Julian Construction,* 1998 NMCA 121, 125 N.M. 592, 964 P.2d 153. The employee argued his firing constituted a refusal to provide light duty work and triggered the employer's responsibility to temporary total disability benefits. Although the requirement to provide light duty in *Lackey* is statutory, it is essentially the same as the case law rule in Oklahoma. The *Lackey* Court found the requirements were satisfied when the employee was released to light duty, the employer offered such duty, the employee accepted and began work but was terminated for reasons unrelated to his disability. *See also, Potomac Edison Company of Virginia, Inc. v. Cash,* 18 Va.App. 629, 446 S.E.2d 155; *Seagraves v. Austin Company of Greensboro,* 123 N.C.App. 228, 472 S.E.2d 397.

¶ 12 Contrary to Claimant's assertions, his own actions were effectively a refusal to continue accepting the light duty provided by Employer. The purpose of the Workers' Compensation Act is not to indemnify employees for injuries suffered on the job, but to compensate for loss of earning power and the ability to work when those losses are causally related to employment. *Roberts v. Matrix Services, Inc.,* 1993 OK 148, 863 P.2d 1242. Claimant's loss of earning power did not result from his impairment, rather it was caused by Claimant's loss of employment as a result of his own conduct.

¶ 13 The order of the Workers' Compensation Court is SUSTAINED.[1]

ADAMS, J., and BUETTNER, P.J., concur.

1. Our holding here does not preclude the Workers' Compensation Court's consideration of *permanent* disability.