2001 OK CIV APP 97

**Billy H. TUBBS, Sr., Petitioner,**

v.

**OKLAHOMA TAX COMMISSION and The Workers' Compensation Court, Respondents.**

**No. 95,724.**

Court of Civil Appeals of Oklahoma, Division No. 1.

June 22, 2001.

Walter Bower, Oklahoma City, OK, for Petitioner.

M. Thad Groom, Tava S. Jones, Oklahoma City, OK, for Respondents.

**OPINION**

CARL B. JONES, Judge:

¶ 1 Claimant seeks review of a Workers' Compensation Court order which found, *inter alia*, that Employer was entitled to a credit for overpayment of temporary total disability (TTD) compensation and that Claimant is no longer permanently totally disabled.

¶ 2 An earlier Compensation Court order found that Claimant had sustained a compensable work-related injury to his back on October 30, 1997. Claimant saw Dr. Fellrath, an orthopedic surgeon on February 16, 1998,

who found him to be temporarily totally disabled at that time. Claimant has not worked since February 14, 1998. Claimant's medical expert, Dr. Metcalf, also determined Claimant to be TTD from February 16, 1998, until the date of his report, January 24, 2000. Employer's medical expert found Claimant's period of TTD to have ended on May 13, 1999, when he was sufficiently recovered for light duty work. Employer, however, had no light duty assignment it could give Claimant. Employer paid TTD compensation from February 14, 1998, until October 7, 1999, and then again from October 13, 1999, until February 2, 2000. Claimant resigned with his employment with the Oklahoma Tax Commission on August 19, 1999.

¶ 3 The case was tried on December 15, 2000. The trial court found Claimant was not then temporarily totally disabled, but that he had been TTD from February 14, 1998, to August 19, 1999, the date he resigned his employment. The court allowed Employer a credit for $7,084.08, representing the compensation it had paid for 24 weeks subsequent to the August 19, 1999 resignation. Claimant contends this was contrary to law.

¶ 4 To the contrary, recent opinions indicate that the trial court acted correctly. "Temporary total disability" is defined as the healing period, or that period of time following an accidental injury when an employee is totally incapacitated for work due to illness resulting from injury. *Bodine v. L.A. King Corp.,* 1994 OK 22, 869 P.2d 320, 322; *Bama Pie, Inc. v. Roberts,* 1977 OK 100, 565 P.2d 31, 34. The employee's ability to do light work, but not the same labor he had formerly performed, is sufficient to establish that the employee is not temporarily totally disabled. *Id.; Akers v. Seaboard Farms,* 1998 OK CIV APP 169, 972 P.2d 885, 887. But if employer has no light duty work available, the injured employee is still entitled to TTD benefits. *Hinton v. Labor Source,* 1998 OK CIV APP 2, 953 P.2d 358.

¶ 5 The issue then is what effect does Claimant's resignation have on his right to receive temporary total disability benefits. If Claimant was still TTD his resignation would have no effect on his right to continue receiving benefits during his healing period. However, because there was competent evidence that Claimant was fit for light duty, *i.e.,* no longer TTD, his resignation effectively ended his right to TTD benefits. This Court in *Akers,* supra, held that an employer cannot be compelled to offer light duty work to an ex-employee. Otherwise, the claimant would be in a better position than uninjured employees who are terminated (or resign) for similar reasons. *Akers,* supra, at 887. The requirement to offer light duty work to injured employees simply does not extend to former employees.

¶ 6 The Workers' Compensation Court's order finding the period of TTD to have ended on August 19, 1999, and ordering a credit for overpayment by the Employer for that TTD paid subsequent to August 19, 1999, is supported by competent evidence and is sustained.

¶ 7 SUSTAINED.

¶ 8 ADAMS, P.J., and JOPLIN, J., concur.