2004 OK CIV APP 41

**Beverly SMITH, Petitioner,**

v.

**MILLWOOD SCHOOLS, Compsource Oklahoma, and the Workers' Compensation Court, Respondents.**

No. 98,323.

Court of Civil Appeals of Oklahoma, Division No. 3.

Oct. 31, 2003.

Rehearing Denied Jan. 9, 2004.

Certiorari Denied May 3, 2004.

John C. Forbes, Robert Highsaw, Forbes, Forbes & Bowler, Midwest City, OK, for Petitioner.

James C. Ferguson, Bruce V. Winston, Walker, Ferguson & Ferguson, Oklahoma City, OK, for Respondents.

Opinion by BAY MITCHELL, Presiding Judge.

¶ 1 In September, 2000, the Claimant, Beverly Smith, injured her back as a result of moving desks while working as a provisional teacher for Employer, Millwood Schools. On December 10, 2001, the trial court found Claimant sustained a compensable on-the-job injury to her back and awarded temporary total disability (TTD) benefits effective October 25, 2000. Claimant's one-year teaching contract expired on June 3, 2001. Thereafter, the trial court appointed Emily Friedman, M.D., as an independent medical examiner. Dr. Friedman examined Claimant and on March 11, 2002, determined Claimant was able to work with certain restrictions. As a result of Dr. Friedman's report, Employer moved to end Claimant's TTD on March 22, 2002. After a hearing, the trial court terminated TTD effective May 13, 2002. Claimant sought review of the decision by a three-judge panel of the Workers' Compensation Court, which unanimously affirmed the trial court's order terminating TTD.[1] That order is now before us on review.

¶ 2 On appeal, Claimant argues the trial court's decision to terminate TTD is without evidentiary or legal support. Claimant alleges the evidence at the termination hearing showed she was currently unable to perform the duties as a teacher. In addition, Claimant contends the testimony of the school's business manager that he did not have an available position for her, mandates Claimant remain on TTD during the time she is under continuing treatment with Dr. Friedman.

¶ 3 In her report of March 11, 2002, Dr. Friedman diagnosed Claimant as having a small disc bulge at L4–5, and a central disc herniation at L5–S1. Dr. Friedman found Claimant had not yet reached maximum medical improvement and required further treatment, including medication, epidural steroid injections, and physical therapy. Dr. Friedman did determine, however, that Claimant was no longer TTD and could perform light-duty work with certain restrictions, including: no bending, restricted sitting (for an hour at a time with ten minute breaks in between), restricted pushing and pulling of twenty-five pounds or more, and restricted lifting of ten pounds on an occasional basis.

¶ 4 Claimant testified she continues to have back pain with numbness in the right leg and has not worked since her initial injury. Claimant admitted some of Dr. Friedman's restrictions were in line with her normal duties as a classroom teacher, but maintained the bending and weight restrictions could interfere with her regular duties. She indicated if an appropriate job were available for her at Millwood Schools, she would be willing to take it. Employer testified it had no available positions for Claimant.

¶ 5 The cause and extent of disability arising from an accidental injury are questions of fact to be determined by the Workers' Compensation Court. *Sohio Petroleum Co. v. Cotton*, 1954 OK 198, ¶ 7, 272 P.2d 383, 385. All findings of fact made by the Workers' Compensation Court—whether by the trial court or the reviewing panel—are conclusive and binding on appeal unless we determine they are not supported by competent evidence. *Parks v. Norman Mun. Hosp.*, 1984 OK 53, ¶ 12; 684 P.2d 548, 552. We thus review the opinion below under the any-competent-evidence test, during which "our responsibility simply is to canvass the facts, not with an object of weighing conflicting proof in order to determine where the preponderance lies but only for the purpose of

1. At the time it terminated her TTD, the trial court also denied Claimant's request for vocational assistance. On appeal, the three-judge panel of the Workers' Compensation Court reversed, sustaining Claimant's vocational assistance request, but affirming the trial court's order in all other respects, including its termination of TTD. The vocational training issue is not part of the present appeal.

ascertaining whether the tribunal's decision is supported by competent evidence." *Id.*

¶ 6 TTD for which compensation may be awarded pursuant to 85 O.S.2001 § 22(2) is defined as "the healing period, or that period of time following an accidental injury when an employee is totally incapacitated for work due to illness resulting from injury." *Bodine v. L.A. King Corp.,* 1994 OK 22, ¶ 9, 869 P.2d 320, 322. The employee's ability to do light work, though not to engage in the same labor he previously had performed, is sufficient to establish the employee is not TTD. *Id.; Akers v. Seaboard Farms,* 1998 OK CIV APP 169, ¶ 7, 972 P.2d 885, 887. But if the employer has no light duty work available, the injured employee is nonetheless entitled to TTD benefits. *Hinton v. Labor Source,* 1998 OK CIV APP 2, ¶ 6, 953 P.2d 358, 359. "The requirement to offer light duty work to injured employees simply does not extend to former employees," however. *Tubbs v. Oklahoma Tax Comm'n,* 2001 OK CIV APP 97, ¶ 5, 28 P.3d 624. 28 P.3d 624, 625.

¶ 7 Dr. Friedman's medical report provides competent evidence Claimant was able to do light duty work and thus was no longer TTD. Further, it is undisputed Claimant's one-year employment contract expired at the end of the 2000/2001 school year, with Employer having no continuing obligation to employ Claimant thereafter. Accordingly, after June 3, 2001, Millwood Schools was no longer obligated to offer Claimant light-duty work upon medical release because Claimant was no longer an employee. Were Millwood Schools required to offer Claimant light-duty employment even after her contract had expired, Claimant would be in a better position than an uninjured employee whose contract had also expired. *See Akers,* ¶ 10, 972 P.2d at 887.

¶ 8 Competent evidence exists to support the trial court's decision to terminate Claimant's TTD.

¶ 9 SUSTAINED.

HANSEN, J., and JONES, J., concur.