2004 OK 66

**Robbie Lee PATTERSON, Petitioner,**

v.

**SUE ESTELL TRUCKING CO. INC., and The Workers' Compensation Court, Respondents.**

No. 99,342.

Supreme Court of Oklahoma.

July 6, 2004.

Randy D. Edmonson, Shawnee, OK, for Appellant.

Catherine C. Taylor, Kelly M. Greenough, Perrine, McGivern, Redemann, Reid, Berry & Taylor, tulsa, OK, for Respondents.

EDMONDSON, J.

¶ 1 Certiorari was granted in this review proceeding from an order of the Workers' Compensation Court to address this question of law: May an injured worker be denied temporary total disability benefits because his employment was terminated following his injury? We answer in the negative and vacate the opinion of the Court of Appeals and vacate the order of the three-judge review panel, and we remand the cause to the trial tribunal with directions to grant the worker's claim.

¶2 The material facts are undisputed. Robbie Lee Patterson was employed by Sue Estell Trucking, Inc., as a dump truck driver and was injured in a job-related accident on October 15, 2002, when his truck flipped over onto its side as he swerved to avoid hitting a vehicle stopped in front of him. Mr. Patterson sustained fractured ribs and injuries to his back and neck. The police cited Mr. Patterson for reckless driving and driving with a suspended driver's license. Several days later, Sue Estell Trucking terminated his employment.

¶3 In response to Mr. Patterson's Form 3 as amended, the employer admitted the injuries were compensable under the Workers Compensation Act; but, at the hearing before the trial judge, the employer argued that Mr. Patterson should be denied temporary total disability benefits since he had been terminated because he could not continue to drive a truck without a valid driver's license. The trial judge held in favor of Mr. Patterson, finding him temporarily totally disabled as a result of the accident and entitled to compensation from October 19, 2002, to date.

¶4 The employer appealed the ruling to the three-judge panel which vacated the trial court's award and denied claimant's request for temporary total benefits, holding he had been "terminated for cause." The essence of the employer's position, which was sustained by the three-judge panel and then by the Court of Civil Appeals, was that claimant's inability to work did not result from his compensable injuries, but from his own misconduct—having his license suspended.

■ ¶5 While appeals concerning entitlement to temporary total disability benefits generally present questions of fact regarding medical testimony or factual circumstances of the accident, which are left to the Worker's Compensation Court for determination, the material facts here are undisputed. This controversy presents a question of law, as we must determine the meaning and application of the worker's compensation statutes regarding temporary total disability and decide whether they support this denial of compensation. Questions of law are reviewed by a de novo standard under which we have plena-ry, non-deferential and independent authority to determine whether the trial court erred in its legal rulings. *American Airlines v. Hervey*, 2001 OK 74, 33 P.3d 47.

■ ¶6 The Worker's Compensation Act is in derogation of the common law and those statutes are the exclusive provisions governing benefits. Workers' eligibility for benefits, limitations on benefits, and circumstances which will cause those benefits to cease have been determined by our legislature. We may not employ rules of common law or equity to change those provisions. See *Brooks v. A.A. Davis & Co., et al.*, 1926 OK 965, 124 Okla. 140, 254 P. 66.

¶7 With the exception of a few particular circumstances which are not relevant here, employers are bound to pay worker's compensation benefits to their injured workers for disability or death resulting from an accidental personal injury on the job, regardless of whether the employee was at fault in causing the accident. Title 85 O.S.2001 Section 11.

■ ¶8 There is no provision in the workers' compensation statutes for denying temporary total disability because the employee was fired after his injury. Two recent decisions by this Court have recognized that continued employment is not a statutory requirement for eligibility for workers' compensation benefits.

¶9 In *Pierce v. Franklin Elec. Co.*, 1987 OK 34, 737 P.2d 921, superseded by statute as stated in *Upton v. State ex rel. Department of Corrections*, 2000 OK 46, 9 P.3d 84, 86, the United States District Court for the Eastern District of Oklahoma certified to this Court the question whether, in light of 85 O.S.1981 Section 5, the retaliatory discharge statute, an employer lawfully could terminate an employee receiving temporary total disability benefits because worker was unable to return to work. We answered in the affirmative, holding such a termination does not commit the statutory tort created by Section 5. Considering the remedial purposes of section 5, we recognized that while it imposed tort liability on employers who engage in conduct which undermines the functioning of the workers compensation statutory scheme, it

did not prohibit discharging an employee for absence from work.

"On the other hand," we stated:

[T]he compensation benefits provided by the Act protect workers. The principle underlying the system is insurance. An employer is responsible for bodily injuries suffered by his employees in the course of their employment regardless of fault or any wrongful conduct by him.

An employee who is discharged during a period of temporary disability does not lose the compensation benefits to which he is otherwise entitled. The Act does not suggest that termination would relieve an employer of responsibility for the employee's medical care and disability payments. Similarly, rehabilitation does not depend on employment status. *Pierce v. Franklin Elec. Co., supra* at 924.

¶ 10 In *B.E. & K. Construction v. Abbott,* 2002 OK 75, 59 P.3d 38, the Court ruled that an employee who was injured on the job and volunteered for inclusion in an employer-planned reduction in force and was terminated, was entitled to receive temporary total disability benefits from the date of his lay-off. The employer argued that the employee should not be entitled to benefits as he would not have been terminated had he not volunteered for the reduction in force, and that his layoff should be considered a refusal to accept light-duty assignment and a resignation. The Court disagreed, and pointed out the following which is relevant here:

The employer concedes that had it either fired or laid off the injured employee, [he] would be entitled to temporary total disability benefits. *Id.* at 40–41.

And, citing *Pierce v. Franklin, supra,* the Court stated:

Unquestionably, as the employer recognizes, had the construction company fired or laid off [worker]—without his volunteering for inclusion in the reduction in force, he would be entitled to temporary total disability benefits. Absent very limited circumstances, none of which apply here, the Workers' Compensation Act, 85 O.S. 2001 § 11, mandates that employers subject to the act "shall pay" compensation to

an employee for an accidental on-the-job injury. The statute does not provide that the requirement to disburse compensation terminates upon the employee's dismissal and we may not interpret it to do so. Otherwise, we would create an extra-statutory forfeiture of benefits in the face of the Legislature's clear prohibition in 85 O.S. 2001 § 5 against an employee's discharge for filing a compensation claim. Our statutory structure mandating that employers not be allowed to avoid compensating their employees for their on-the-job injuries through termination, combined with the remedial nature of the statutes and Oklahoma's well-settled jurisprudence that the statutes should be construed in favor of the workers they are intended to benefit, necessitates that we recognize [worker's] right of recovery. *Id.* at 44–45. (Footnotes omitted.)

¶ 11 Additionally, the special writing of Opala, J., concurring in result, states in part:

The provisions of the Workers' Compensation Act do not authorize the trial tribunal to deny an employee's claim for temporary total disability based on the employer's assertion that the injured person's employment status came to be terminated before the end of his healing period. Neither common-law norms nor those of equity are available to supplement, abridge or alter the statute's *exclusive* provisions that define the *outer limit of compensation liability. Id.* at 45–46. (Footnote omitted.)

¶ 12 Employer, Sue Estell Trucking, argues that *Akers v. Seaboard Farms,* 1998 OK CIV APP 169, 972 P.2d 885, supports the Workers' Compensation Court's denial of Mr. Patterson's claim for temporary total disability based on its finding that his inability to work resulted from not having a valid drivers license rather than his injury. Employer's reliance on *Akers* is misplaced. There the employee had been released back to work under light duty restrictions imposed by the doctor when he was fired for cause—failing a drug test.

¶ 13 The Court of Civil Appeals in *Akers* sustained the workers compensation court's determination that the employee was not temporarily totally disabled. Rejecting the

employee's argument that he was entitled to temporary total disability because the employer did not offer him light duty work after he was fired, the court pointed out that an employee's ability to perform light work is sufficient evidence to sustain a finding by the Workers' Compensation Court that the employee is not temporarily totally disabled.

¶ 14 Additionally, the court noted in *Akers* that there was no provision in the law compelling an employer to continue offering light-duty work to an employee who violates policies of the employer and whose actions effect a refusal to continue to accept light work. These factors were the basis for the court's characterization of employee's loss of earning power as resulting from his own actions in losing his employment, rather than from his injury. *Akers* is clearly distinguishable from the matter before us and offers no support to the employer here.

¶ 15 The provisions of the Workers' Compensation Act do not authorize denying temporary total disability to an employee who is injured on the job because he was fired. Mr. Patterson is temporarily disabled and entitled to the compensation provided by law.

¶ 16 On certiorari previously granted to Mr. Patterson, the opinion of the Court of Appeals is vacated, the order of the three-judge panel is vacated, and the matter is remanded to the trial court with directions to grant this worker's claim.

ALL JUSTICES CONCUR.