2005 OK CIV APP 68

**AMERIRESOURCE GROUP, INC. and Compsource Oklahoma, Petitioner,**

v.

**Richard ALEXANDER and the Workers' Compensation Court, Respondents.**

**No. 101,251.**

Court of Civil Appeals of Oklahoma, Division No. 3.

Oct. 4, 2005.

Darren Derryberry, Victor Trautmann, Oklahoma City, OK, for Petitioner.

David Proctor, Goolsby, Olson & Proctor, Oklahoma City, OK, for Respondents.

Opinion by CAROL M. HANSEN, Judge.

¶ 1 Petitioners, AmeriResource Group, Inc. and Compsource Oklahoma (collectively Employer), seek review of a Workers' Compensation Court (WCC) order, which, among other things, found Respondent, Richard Alexander (Claimant) temporarily totally disabled (TTD) and ordered additional medical evaluation and treatment.

¶ 2 Employer concedes Claimant sustained accidental personal injury to his neck and back on March 27, 2003, such injury arising out of and in the course of Claimant's work with Employer. When the case was first tried on August 26, 2003, Claimant sought TTD benefits and medical treatment for his injuries. Employer denied the injuries resulted in TTD and that Claimant required medical treatment because of the injuries.

¶ 3 In its September 15, 2003 order, the WCC ordered Employer to provide Claimant with "reasonable and necessary medical care, to include evaluation and treatment, if necessary, with Dr. [H], independent medical examiner (IME)." The WCC further found

"the evidence fails to establish [TTD], however, Dr. [H] will determine the claimant's current [TTD] status." The court also found (a) Claimant worked for Employer for 2½ months after his injury until he was discharged for violation of company policy, (b) Claimant acknowledged he continued to do computer work, mowed lawns and maintained two rental properties after the injury, and (c) video tapes of Claimant after the injury showed him doing such things as walking, bending, driving and carrying various items without apparent difficulty. Neither party appealed this order.

¶ 4 After Claimant was examined by the IME, the WCC, on June 2, 2004, again heard Claimant's request for TTD. Claimant asserted he was TTD from October 14, 2003, the date of his visit with the IME, who had found him TTD unless there was work available "within his restrictions." Claimant also asked the court to direct Employer to provide him with a "discogram", which had been recommended by the IME.

¶ 5 Employer denied liability for TTD, arguing Claimant, who "was an employee of AmeriResource Group placed through Mitchell Communications," was terminated for cause prior to Claimant's IME visit, and therefore Employer was not required to offer Claimant light duties. Employer also denied its liability for the discogram because Claimant's "activities since his firing would have resulted in an aggravation of his condition and need for that treatment."

¶ 6 The WCC found Claimant TTD from May 7, 2004, the date the IME "recommended a cervical disography with possible resulting surgery (regardless of availability of light duty)." The WCC also ordered the discogram and medical treatment, finding Claimant "did not aggravate his condition in personal or work activity after his accidental injury at" Employer.

¶ 7 Both parties appealed the later order to a three-judge panel of the WCC. Claimant contended the trial court should have found he was TTD from October 14, 2003. Employer questioned the trial court's findings that Claimant was TTD and that he had not aggravated his condition in personal or work related activities after his date of injury. In its order of September 8, 2004 the three-judge panel unanimously affirmed the trial court's order without modification. Employer seeks review from that order.[1]

¶ 8 The single issue raised for review by Employer is that the WCC erred in finding Claimant TTD.[2] Employer asserts the question presented is one of law, citing *American Airlines v. Hervey*, 2001 OK 74, 33 P.3d 47, and that our review is under a *de novo* standard. We agree. In *Hervey*, at 51, the Court notes the case was decided on "uncontroverted evidence" the claimant performed remunerative employment during the period in which he received TTD benefits and thus was not entitled to such benefits. Here, the evidence is similarly uncontroverted Claimant had no employer-employee relationship with Employer at the time he was determined to be capable of work with restrictions. That fact is dispositive. Where there is no conflict in the material evidence, and no opposite inferences may be drawn from the undisputed proof, it is proper to treat such matters as questions of law. *Lanman v. Oklahoma County Sheriff's Office*, 1998 OK 37, 958 P.2d 795.

¶ 9 Employer's specific assertions here are that the record is devoid of medical evidence supporting a TTD finding and, on the other hand, the record is "replete with evidence that Claimant remains gainfully employed in multiple business ventures." Those assertions are consistent with the rule set forth in *Hervey* that proof of TTD has two elements, [1] incapacity or loss of function in the physical or medical sense that is established by medical evidence, and [2] an inability to earn wages that is normally demonstrated by nonmedical evidence touching upon claimant's employment situation. A claimant who is gainfully employed, or who is

---

1. The Petition for Review was assigned to this author on August 18, 2005.

2. Because Employer did not brief the issue of the ordered discogram and medical treatment with the IME, that issue is waived and considered final. *Kerr v. Clary*, 2001 OK 90, 37 P.3d 841.

able to work, is not entitled to TTD. *Hervey,* 33 P.3d at 51.

¶ 10 The IME, in his report of October 14, 2003, opined Claimant was TTD "unless there is a job available with a 20 pound weight lifting restriction with work at or above shoulder level, and no repetitive motion of the cervical spine." Work with such restrictions is commonly known as light duty. The IME did not express an opinion about Claimant's work status, or modify his stated opinion, in his subsequent reports.

¶ 11 In his May 7, 2004 report the IME merely noted Claimant felt his pain was becoming worse and recommended the cervical discography be performed. These statements cannot be read to imply a change in the IME's earlier explicit opinion that Claimant was able to work with restrictions. Thus, that opinion was still in effect and was the only medical evidence relating to the relevant period.

¶ 12 Generally, in order to avoid paying TTD benefits to an injured worker capable of light duties, it is the employer's burden to advise the employee that such work is available. *Hinton v. Labor Source,* 1998 OK CIV APP 2, 953 P.2d 358. Also, as a general rule, if the employer has no light duty work available, the injured employee is nonetheless entitled to TTD benefits. *Smith v. Millwood Schools,* 2004 OK CIV APP 41, 90 P.3d 564. However, the Court of Civil Appeals has also held that where, as here, there is no longer an employer-employee relationship at the time the employee is found capable of light duties, an employer is not legally obliged to offer that work. *Smith,* at 566;

*Tubbs v. Oklahoma Tax Com'n,* 2001 OK CIV APP 97, 28 P.3d 624.

¶ 13 In *Smith,* the injured worker's contract with the school had expired before the light duty determination was made. The evidence here is uncontroverted that Claimant was fired on May 29, 2003. There was considerable evidence and argument regarding the circumstances of Claimant's employment being terminated, but that question is not relevant under *Smith.* The definitive fact is that Claimant had no employment relationship with Employer on or after October 14, 2003, when he was seen by the IME. Because of the lack of an employee-employer relationship, Employer had no legal duty to offer Claimant work with restrictions. Further, because the medical evidence established Claimant had some capacity for "remunerative employment", he could not be TTD. *American Airlines v. Hervey,* 33 P.3d at 51. The WCC erred in finding Claimant TTD from May 7, 2004.

¶ 14 Those portions of the WCC's order finding Claimant TTD from May 7, 2004 and continuing are VACATED. The remainder of the order is SUSTAINED.

JOPLIN, P.J. and BUETTNER, C.J., concur.