2006 OK CIV APP 108

**FORD MOTOR COMPANY and Ford Motor Company (Own Risk # 2202), Insurance Carrier, Petitioners,**

v.

**Jimmy R. MOORE and The Workers' Compensation Court, Respondents.**

**No. 103,101.**

Court of Civil Appeals of Oklahoma, Division No. 1.

Aug. 17, 2006.

Patrick W. Cipolla, Gable & Gotwals, Tulsa, OK, for Petitioners.

Susan H. Jones, Wilson Jones, P.C., Tulsa, OK, for Respondents.

Opinion by ROBERT DICK BELL, Presiding Judge.

¶ 1 Petitioner, Ford Motor Company (Employer), seeks review of an order of a Three–Judge Panel of the Workers' Compensation Court (Panel) denying its motion to terminate temporary total disability (TTD) benefits. The Panel ordered Employer to pay an additional 52 weeks TTD benefits to Claimant, Jimmy R. Moore, and provide Claimant with all reasonable and necessary care and treatment from Dr. James Rodgers. Because we find the Panel's factual and legal determinations are supported by competent evidence and extant law, the Panel's order is sustained.

¶ 2 Claimant filed his Form 3 on December 3, 2002, alleging a work-related injury to his lower back with radiculopathy to the left hip and foot and adjoining psychological overlay. Claimant alleged his injury occurred while he and a co-worker were lifting and changing a clutch assembly that weighed 60 to 80 pounds. Claimant was initially diagnosed with back strain and was referred to physical therapy. After seeking conservative treatment from numerous physicians without improvement, Claimant sought medical care from a spinal surgeon.

¶ 3 On June 1, 2003, while receiving TTD benefits, Claimant applied and qualified for disability retirement. On May 10, 2005, Dr. Rodgers issued a report which opined that Claimant required additional medical treatment, but, since he retired, he was no longer TTD and could do a menial job such as sitting at a desk, pushing a pencil and not lifting more than 5 pounds. As a result of this report, Employer sought, numerous times, to terminate Claimant's TTD benefits. Each time, the trial court denied Employer's request. Ultimately, the Panel sustained the trial court's determination. Employer now seeks review.

¶ 4 For its first assignment of error, Employer claims the Panel's finding that Claimant continued to be TTD after May 10, 2005, lacks support by medical evidence. We review the Panel's factual determinations under the any-competent-evidence standard of review. *Parks v. Norman Mun. Hosp.*, 1984

OK 53, 684 P.2d 548. Under this standard, our responsibility simply is to canvass the facts, not with an object of weighing conflicting proof in order to determine where the preponderance lies, but only for the purpose of ascertaining whether the Panel's decision is supported by any competent evidence. *Id.* The Panel's review of medical findings need only be supported by the "general tenor and intent of the medical testimony." *Bama Pie, Ltd. v. Raes,* 1995 OK 122, ¶ 11, 905 P.2d 811, 815 (emphasis omitted). After reviewing the record, we find competent medical evidence supports the Panel's decision that Claimant remained TTD. Multiple reports by Dr. Rodgers opine Claimant is benefitting from the ongoing conservative and surgical medical treatment and he has not achieved maximum medical improvement. It is also important to note Claimant was scheduled for a third surgery on August 31, 2005, subject to authorization for same.

■ ¶ 5 Employer claims because Dr. Rodgers' report released Claimant for light duty work on May 10, 2005, there was no medical evidence that Claimant continued to be TTD. The Panel rejected this argument. It found Dr. Rodgers' report misunderstood Oklahoma Law as it was premised on the incorrect assumption that Claimant was not TTD simply because he retired and no longer has a job. The Panel explained "[i]t has long been recognized in Oklahoma that retired persons are entitled to temporary total disability benefits." We agree with the Panel's conclusion. TTD status is determined based on earning capacity and not actual loss of a job and "continued employment is not a statutory requirement for eligibility for workers' compensation benefits." *Patterson v. Sue Estell Trucking Co.,* 2004 OK 66, ¶ 8, 95 P.3d 1087, 1088. Thus, it is irrelevant that Dr. Rodgers mistakenly released Claimant for light duty work simply because he retired from his employment with Employer. Due to Claimant's disability retirement, light duty work was not an option.

■ ¶ 6 Employer's second assignment of error contends because there was no longer an employer-employee relationship when Dr. Rodgers released Claimant for light duty, Employer was not legally obligated to offer Claimant light duty to terminate Claimant's TTD benefits. Employer relies upon *Tubbs*

*v. Oklahoma Tax Com'n,* 2001 OK CIV APP 97, 28 P.3d 624; *Smith v. Millwood Schools,* 2004 OK CIV APP 41, 90 P.3d 564; and *AmeriResource Group, Inc. v. Alexander,* 2005 OK CIV APP 68, 120 P.3d 901. These cases hold where there is no longer an employer-employee relationship at the time the employee is found capable of light duties, an employer is not legally obliged to offer that work before seeking to terminate TTD benefits. These cases are factually distinguishable from the instant case. Here, the Claimant did not quit or lose his job due to non-renewal of contract. He simply accepted an employer provided disability retirement benefit. We refuse to penalize Claimant by terminating his TTD benefits simply because he took steps to assure his financial security. *See Bill Hodges Truck Co. v. Humphrey,* 1984 OK CIV APP 55, 704 P.2d 94. *See* also 85 O.S.2001 § 45(A)("No benefits, saving or insurance of the injured employee, independent of the provisions of this act shall be considered in determining the compensation or benefit to be paid under this act." (Footnote omitted.)) Because we sustain the Panel's order, it is unnecessary to address Employer's third assignment of error regarding Claimant's *res judicata* argument.

¶ 7 SUSTAINED.

HANSEN and JOPLIN, JJ., concur.