2017 OK CIV APP 1

**CITY OF TULSA and Own Risk #10435, Petitioners,**

v.

**Rod MAYES and the Workers' Compensation Court of Existing Claims, Respondents.**

**Case Number: 113486**

Court of Civil Appeals of Oklahoma, Division No. 4.

Decided: 12/08/2016

Mandate Issued: 01/12/2017

Brandy L. Shores, Travis R. Colt, Latham, Wagner, Steele & Lehman, P.C., Tulsa, Oklahoma, for Petitioner.

N. Scott Ash, The Ash Law Firm, Tulsa, Oklahoma, for Respondent.

JOHN F. FISCHER, JUDGE:

¶ 1 Employer City of Tulsa seeks review of an order of a three-judge panel of the Workers' Compensation Court of Existing Claims. The panel affirmed the trial court's denial of Employer's "voluntary separation" defense and the award of temporary total disability (TTD) benefits to Claimant Rod Mayes. The panel's order is neither contrary to law nor against the clear weight of the evidence and is sustained.

## BACKGROUND

¶ 2 Most of the underlying facts in this case are undisputed. Claimant was a twenty-three-year employee of the City. Beginning in June 2007, he became a training and communications specialist, a position within the City's public works department that required typing and data entry. In 2010, he noticed that he had developed a loss of feeling in his right hand. Claimant sought medical treatment from his family physician, who suggested that he report the condition to Employer. Employer sent Claimant to Dr. Clendenin for treatment. On April 26, 2012, Dr. Clendenin performed surgery on Claimant's right elbow (ulnar nerve decompression) and right wrist (median and ulnar nerve release). On August 20, 2012, Dr. Clendenin found Claimant had reached maximum medical improvement from treatment and released him from further care for the right hand and arm. In November 2012, Claimant noticed similar symptoms in his left arm and hand. He provided Employer with a notice of injury, but Employer denied treatment.

¶ 3 On June 20, 2013, Claimant received a memorandum from Employer's personnel director regarding his employment. It contained the heading "**SUBJECT:** Final Layoff Notice." The memorandum further provided, in its entirety:

It is with regret that I must inform you of the abolishment for your current position of Training and Communications Specialist effective July 1, 2013. You have been provided with copies of the City of Tulsa Layoff Policy and Procedure and we have met to discuss your seniority and the possibility of placement into other positions as provided by PPPM 129. You will be subject to layoff should you not be offered and start another City position by July 1, 2013. You are eligible for applicable severance benefits as outlined in PPPM 509. You will need to notify me in writing regarding your recall decision by July 30, 2013.

Your last day of employment with the City of Tulsa will be June 30, 2013.

On behalf of the Human Resources Department, I would like to thank you for your service to the City of Tulsa and wish you the best in the future.

¶ 4 Claimant filed his Form 3 on June 28, 2013, alleging cumulative injury to his arms, elbows, wrists, hands and left thumb arising out of and in the course of his employment. Claimant described his injuries as occurring from repetitive data entry and use of equipment. At the first hearing before the trial court, Claimant announced that his date of last exposure to cumulative trauma was June 28, 2013, and he sought TTD benefits from that date "to present and continuing." Employer disputed the nature and extent of the alleged injury to Claimant's right arm and hand and denied that he had sustained any work-related injury to his left arm and hand. The trial court entered an order on November 8, 2013, in which it determined compensability. The trial court found that Claimant had sustained cumulative trauma injury to both arms, both hands and his left thumb. In its order, the trial court noted Employer's admission that Claimant's right arm cubital tunnel syndrome and right hand carpal tunnel syndrome arose out of and in the course of his employment but that Employer had denied any alleged injury to Claimant's left arm or left hand. The trial court further noted that Employer's medical expert Dr. Pardee also had diagnosed left cubital tunnel syndrome and left hand carpal tunnel syndrome based on positive clinical findings. The trial court found that Claimant's duties "involved the use of BOTH HANDS and ARMS," and concluded that "the mechanism of injury to the LEFT ARM and LEFT HAND [was] virtually the same as the RIGHT HAND and RIGHT ARM," for which Employer had admitted causation. The trial court reserved the issues of TTD and medical treatment for future hearing and

stated in its order that it would appoint an independent medical examiner (IME) to address issues regarding Claimant's left arm and left hand.

¶5 The trial court appointed Dr. Wong as an IME. Based on his examination of Claimant on December 3, 2013, Dr. Wong opined that Claimant suffered from left elbow cubital tunnel syndrome and left wrist median and ulnar nerve entrapment, the major cause of which was his work for Employer. Dr. Wong recommended additional treatment for Claimant and placed him on restricted duty with "no typing." Claimant's counsel requested TTD from Employer and received the following response: "This letter is in regard to your request for [TTD] from June 29, 2013 to present. Had your client not quit, light duty would have been available."

¶6 At the hearing on the issue of Claimant's request for a finding of a period of TTD, Employer announced to the trial court that it would defend against the TTD claim with a "voluntary separation" defense. According to Employer, Claimant "had the option, the ability to bump someone and remain employed," but "[f]or whatever reason, he chose not to and that was his choice." Therefore, it was Employer's position that Claimant had voluntarily left his job. Claimant and Employer's "manager of compensation and policy administration" were the only witnesses to testify at the hearing.

¶7 In its order dated April 18, 2014, the trial court awarded Claimant TTD benefits, due from December 3, 2013, and continuing. Employer appealed to a three-judge panel, which affirmed the trial court's order. Employer now seeks review in this Court.

### ISSUES PRESERVED FOR REVIEW

¶8 Employer's brief in chief raises one proposition of error. Employer claims that "[t]he evidence is insufficient to sustain an award of temporary total disability benefits." Within that single proposition, Employer argues that Claimant is not entitled to an award of any TTD because: (1) he "voluntari-ly separated from his employment;" (2) he earned income from photography and playing the guitar "at least once" since leaving his job; (3) the medical evidence does not support a finding of TTD as to either arm/hand; and (4) had he not quit, light duty would have been available to him within his work restrictions. The procedural posture of this case, as framed by the issues Employer raised before the three-judge panel, dictates the scope of our review of this case. A party's Request for Review by a three-judge panel shall include:

> . . . .
>
> 3.  A specific statement of each conclusion of law and finding of fact urged as error. General allegations of error do not suffice. The party or parties appealing to the Court en banc will be bound by the allegations of error contained in the Request for Review and will be deemed to have waived all others . . . .

Workers' Compensation Ct. R. 60(A)(3), 12 O.S. Supp. 2012, ch. 4, app. Therefore, we must first determine, by examining Employer's appeal to the three-judge panel, whether Employer effectively preserved for review the issues it now raises in this Court.

¶9 In its request for panel review, Employer claimed that the trial court's order was contrary to law, against the clear weight of the evidence and should be reversed for the following reasons:

> The Claimant in the above-referenced matter voluntarily left employment with the City of Tulsa, As [sic] such, the taxpayers of that fair city were under no obligation either by statute or common-law to provide the Claimant with "light-duty" work. The court failed to properly apply the principles delineated in *Tubbs v. Oklahoma Tax Comm'n*, 2001 OK CIV APP 97, [28 P.3d 624], and *Smith v. Millwood Schools*, 2004 OK CIV APP 41, 90 P.3d 564.[1]

That allegation of error raises and preserves only one issue, whether Claimant's separation from his employment was voluntary. It does not preserve for this Court's review any issues or arguments regarding the sufficiency of the medical evidence supporting the

---

1.  These are non-precedential opinions released for publication by the Court of Civil Appeals. Opinions released for publication by order of the Court of Civil Appeals are persuasive only, and lack precedential effect. Okla. Sup. Ct. R. 1.200, 12 O.S.2011, ch. 15, app. 1.

finding and duration of TTD or Employer's assertion that Claimant had earnings from photography and guitar playing. The transcript of the hearing before the panel indicates that Employer did not expand on its single allegation of error at the hearing, but continued to emphasize its assertion that Claimant's separation from employment was solely a matter of his choice.

¶ 10 The scope of this Court's review of the panel's order stands limited to the issues Employer presented, with the required specificity, in its request for panel review. *Enochs v. Martin Props., Inc.*, 1997 OK 132, 9, 954 P.2d 124; *Red Rock Mental Health v. Roberts*, 1996 OK 117, 940 P.2d 486. We find Employer has abandoned any challenge to the Workers' Compensation Court's finding that Claimant was, and continued to be, temporarily totally disabled. Accordingly, we will confine our review to the issue Employer has preserved, and determine whether the Workers' Compensation Court erred in denying Employer's "voluntary separation" defense to Claimant's TTD benefits claim.

## STANDARD OF REVIEW

¶ 11 We apply the law in effect at the time of Claimant's injury. *Prince v. Brake Rebuilders & Friction Prods., Inc.*, 2012 OK 104, 6, 298 P.3d 529; *Williams Cos., Inc. v. Dunkelgod*, 2012 OK 96, 18, 295 P.3d 1107. In a cumulative trauma case, the date of injury is the date of awareness. *Id.* 18. Therefore, this Court's standard of review is governed by 85 O.S.2011 340(D) (repealed eff. Feb. 1, 2014), which provides that we may "modify, reverse, remand for rehearing, or set aside the order or award" if the award was contrary to law, or "against the clear weight of the evidence." Pursuant to the against-the-clear-weight-of-the-evidence standard, "[r]eviewing appellate courts must show the same deference to the weighing of the evidence by the workers' compensation court as the appellate court would show to a court deciding a case of equitable cognizance." *Peoplelink, LLC. v. Bear*, 2014 OK 65, 10, 373 P.3d 1019.

¶ 12 When a question of law is presented, the de novo standard of review applies. On de novo review, this Court has "plenary, inde-pendent and nondeferential authority to re-examine the workers' compensations court's legal rulings." *Barnhill v. Multiple Injury Trust Fund*, 2001 OK 114, 8, 37 P.3d 890.

## ANALYSIS

¶ 13 Continuing its reliance on *Tubbs v. Oklahoma Tax Comm'n*, 2001 OK CIV APP 97, 28 P.3d 624, and *Smith v. Millwood Schools*, 2004 OK CIV APP 41, 90 P.3d 564, Employer urges this Court to find error in the Workers' Compensation Court's order and vacate the TTD award. Employer argues that because "Claimant opted not to continue employment with the City, Claimant is not entitled to [TTD] benefits from the City and the City was under no obligation to offer light duty work to Claimant." We are not persuaded by Employer's argument. The clear weight of the evidence supports the trial court's finding, affirmed by the panel, that Claimant's termination from employment was not voluntary. Employer's characterization of the events following Claimant's receipt of the "Final Lay-off Notice" as a voluntary resignation lacks record support.

¶ 14 First, we note that "continued employment is not a statutory requirement for eligibility for workers' compensation benefits." *Patterson v. Sue Estell Trucking Co. Inc.*, 2004 OK 66, 8, 95 P.3d 1087 (holding that an injured dump truck driver, who was at fault in a work-related automobile accident and cited for driving with a suspended license, could not be denied TTD benefits even though employer fired him after his injury). An employer is not relieved from its obligation to pay TTD by terminating its employee. *Id. But cf. Akers v. Seaboard Farms*, 1998 OK CIV APP 169, 972 P.2d 885 (determining that where the employee failed a drug test and was discharged for cause, his own actions were an effective refusal to continue accepting the light-duty work provided by the employer). However, pursuant to Oklahoma workers' compensation law, an employee who voluntarily quits his or her position is not entitled to an award of TTD benefits and, under that circumstance, the separation from employment will relieve the employer of the responsibility for paying

TTD. *See B.E. & K. Constr. Co. v. Abbott*, 2002 OK 75, 9, 59 P.3d 38.

¶ 15 *Tubbs* and *Smith* are factually distinguishable and neither case controls our analysis or dictates the result Employer seeks in this appeal. In *Tubbs*, where the claimant was fit for light duty, i.e., no longer TTD, his voluntary resignation effectively ended his right to TTD benefits. In *Smith*, the claimant was also fit for light duty, but her one-year teaching contract had expired, and because the employer had no continuing obligation to employ her, it was not obligated to offer her light-duty work. Because of that distinction, we find *Abbott* to be more helpful to our analysis.[2]

¶ 16 In *Abbott*, the Court addressed the following issue of first impression:

[W]here [the claimant] suffered an on-the-job injury while in the course of his employment, volunteered for the employer's instigated reduction in force and was terminated following the construction company's decision to include him in the downsizing program—[is he] entitled to temporary total disability benefits.

*Id.* 18. The employer in *Abbott* conceded that, had it either fired or laid off the claimant, he would be entitled to TTD benefits. But the employer argued that the claimant "controlled his own destiny" by volunteering for the reduction in force, would not have been terminated absent his request for inclusion in the downsizing and his actions were "tantamount to a resignation." *Id.* 7. The Oklahoma Supreme Court was not persuaded by the employer's arguments.

¶ 17 In addressing the issue, the *Abbott* Court examined authority from other jurisdictions regarding the issue of "payment of workers' compensation benefits to employees who subsequently leave their jobs." *Id.* 12. The Court found "persuasive and logical" the majority view that an employee volunteering to be included in an employer-planned reduction in force, as the claimant in *Abbott* did, should not be considered as having effectively resigned from employment. *Id.* 15. The

Court considered the majority view to be the most consistent with "the realities of the workplace," explaining that:

[A]n employee electing to volunteer for an employer-planned reduction in force does not exercise the ultimate power or final decision as to which employees will be targeted for termination. It is the employer who decides to eliminate a job and to lay off a given individual, based on the employer's needs. It is irrelevant that the employee may have made the employer's determination easier by first volunteering to be laid off.

*Id.* The Court concluded that the claimant in *Abbott* was entitled to TTD benefits.

¶ 18 *Abbott* teaches that where there is an "employer-instigated reduction in force" and the employer controls the process, the employee's separation from work is not considered to be voluntary even though the employee has put forward his name for inclusion in the layoff. *Id.* 16.

[W]here ... an injured employee volunteers for an employer-instigated reduction in force, and the employer makes the ultimate decision to terminate, rights to workers' compensation benefits are not affected. In reaching this result, we align ourselves with the majority of jurisdictions addressing the nature of an employee's actions when deciding to volunteer for an employer-instigated reduction in force.

*Id.*

¶ 19 When addressing the nature of the claimant's actions and determining whether the claimant's departure from employment was "voluntary" so as to preclude workers' compensation benefits for TTD, the *Abbott* Court was also guided by the reasoning in unemployment benefit cases. The Court found those cases "likewise persuasive in the workers' compensation arena." *Abbott*, 2002 OK 75, n.18, 59 P.3d 38. We note that one of the unemployment benefit cases the *Abbott* Court cited in footnote 18 involved a claimant who had resigned rather than exercising the

---

**2.** In *Abbott*, the Oklahoma Supreme Court did note with tacit approval the non-precedential determination made by the Court of Civil Appeals in *Tubbs* that the employee's resignation "sev-

ered the employment relationship and the responsibility to pay [TTD] benefits." *Abbott*, 2002 OK 75, 9, 59 P.3d 38.

option to "bump" a co-worker with less seniority. Nonetheless, as the separation had been "induced" by the employer, the claimant was entitled to unemployment benefits. *Abbott*, 2002 OK 75, n.18, 59 P.3d 38 (citing *South Cent. Bell Tel. Co. v. Dep't of Labor*, 527 So.2d 1113, 1114 (La. Ct. App. 1988) *writ denied*, 532 So.2d 153 (La. 1988)). In another case cited in *Abbott's* footnote 18, the court concluded that to characterize as "voluntary" the terminations of employees who volunteered to be laid off in response to employer's announcement of a mandatory reduction in force was "semantic sleight-of-hand." *Nielsen v. Emp't Sec. Dep't of Wash.*, 93 Wash. App. 21, 966 P.2d 399, 407 (1998). With those observations in mind, we further note the Oklahoma Supreme Court's holding that an employee, who resigned rather than take a substantial reduction in pay exceeding sixteen percent, had good cause for leaving his employment and therefore was not disqualified from receiving unemployment benefits. *R&R Eng'g Co. v. Okla. Emp't Sec. Comm'n Bd. of Review*, 1987 OK 36, 737 P.2d 118.

¶ 20 The determinative issue here is whether, under the facts and circumstances of this case, Claimant should be considered as having effectively voluntarily resigned from his employment. Employer abolished Claimant's position. Through a "Final Layoff" memorandum from Employer's personnel director, Claimant was informed he would be laid off if, by July 1, 2013, he had not been offered another position and started work in that position. Employer informed Claimant of his eligibility for severance benefits. Employer informed Claimant of the "possibility" of placement into another position within his department pursuant to "PPPM 129,"[3] but there is no evidence of an actual offer of employment.

¶ 21 Further, it is undisputed that there were only two placement possibilities within Claimant's department had he exercised "bumping rights" to "bump" a fellow city employee with less seniority. The first position was a "trainer," training others to operate heavy equipment. To secure that placement, Claimant would have been required to

pass a pre-employment exam, which he testified he was not capable of timely or successfully completing. The second position was a clerical support position requiring typing. Claimant was qualified for the clerical position, but that position came with a substantial wage reduction, an undisputed forty percent reduction. For that reason, Claimant did not pursue the support position. Pursuant to the "Final Layoff" memorandum, Claimant's termination became effective June 30, 2013. In July 2013, the support position was eliminated from the city budget. It no longer exists. Claimant asked to be placed on a recall list, but there was no recall.

¶ 22 The trial court's order awarding TTD benefits to Claimant contains specific findings regarding its determination that Claimant did not abandon his job or voluntarily resign from employment. Because the clear weight of the evidence supports those findings, Clamant was entitled to the benefits award.

## CONCLUSION

¶ 23 The trial court's findings of fact regarding Claimant's TTD status and the period of that status stand supported by competent evidence of record, and remain unchallenged by Employer due to its failure to properly preserve those issues for appellate review. The trial court's finding that Claimant did not voluntarily leave his employment, which was affirmed by the three-judge panel, is neither contrary to law nor against the clear weight of the evidence. The Workers' Compensation Court did not err in awarding TTD benefits to Claimant. Therefore, we sustain the order under review.

¶ 24 **SUSTAINED.**

GOODMAN, C.J., and WISEMAN, P.J., concur.

---

**3.** This is, apparently, one of Employer's published policies and procedures. It was not admitted

as a trial exhibit and is not included in the appellate record.