2014 OK 65

**PEOPLELINK, LLC and Arch Insurance Co., Petitioners,**

v.

**Matthew BEAR, and The Workers' Compensation Court, Respondents.**

No. 110926.

Supreme Court of Oklahoma.

July 1, 2014.

Rehearing Denied May 12, 2016.

Robert F. Powell, Pierce, Couch, Hendrickson, Baysinger & Green, Oklahoma City, Oklahoma, for Appellant/Petitioners.

William C. Doty, The Bell Law Firm, Norman, Oklahoma, for Appellee/Respondents.

REIF, V.C.J.:

¶1 On November 28, 2012, we assigned this workers' compensation review proceeding to the Court of Civil Appeals in Tulsa, Divisions II and IV. On October 2, 2013, Division IV issued an opinion sustaining the challenged workers' compensation award.

The opinion indicated that Division IV applied the any-competent-evidence standard of review set forth in *Parks v. Norman Municipal Hospital*, 1984 OK 53, ¶12, 684 P.2d 548, 552. At the time of the Claimant's injury on March 4, 2011, 85 O.S.Supp.2010, § 3.6 was in effect. This statute authorized appellate courts to modify, reverse, remand for rehearing, or set aside an order or award if "The order or award was against the clear weight of the evidence."

¶2 Division IV acknowledged this Court's opinion in *Williams Cos. v. Dunkelgod*, 2012 OK 96, 295 P.3d 1107, that held workers' compensation awards were to be reviewed by the standard of review in effect on the date of injury. Division IV nonetheless followed its decision in *Westoak Industries v. DeLeon*, 2013 OK CIV APP 32, 299 P.3d 878, that held legislative attempts to prescribe standards of review for appellate courts violated the separation of powers doctrine. According to Division IV, the only court-prescribed standard of review in effect at the time of Claimant's injury was the any-competent-evidence standard of review pronounced in *Parks*. We granted certiorari because Division I of the Court of Civil Appeals reached the opposite conclusion from *Westoak* in *Harvey v. Auto Plus of Woodward*, 2012 OK CIV APP 92, 287 P.3d 410.

¶3 In the recent case of *Kentucky Fried Chicken of McAlester v. Snell*, 2014 OK 35, 345 P.3d 351, this Court held that the Legislature did not violate the separation of powers doctrine in prescribing the clear weight of the evidence standard of review. The *Snell* case also overruled both *Westoak* and *Harvey*.

¶4 The problem presented by the new standard of review in section 3.6 is not a separation of powers problem. The problem presented by the new standard of review arises from the Legislature's failure to delete or to amend section 26. This statute provides that "The decision of the [Workers' Compensation] Court shall be final as to all questions of fact." 85 O.S.Supp.2010, § 26. As the *Parks* opinion points out, "the standard of review affordable in the Supreme Court or in the Court of Appeals [in light of

§ 26]" is "the any-competent-evidence test." *Parks*, ¶ 13, 684 P.2d at 552.

¶ 5 With the amendment to section 3.6, the Legislature has evinced a clear intent to no longer limit appellate review in workers' compensation cases to a search for competent evidence. Reading sections 3.6 and 26 together reveals that the decision of fact issues by the workers' compensation court shall be final, *unless the appellate court determines the finding is against the clear weight of the evidence.* However, what is not equally clear is (1) the degree of deference appellate courts should show the lower court's weighing of the evidence in applying the new standard of review and (2) the burden upon the party seeking review. We take this opportunity to clarify these issues.

¶ 6 The new standard of review set forth in section 3.6 is identical to the standard of review applied in equity cases. In a cause of equitable cognizance, the presumption is in favor of the trial court's judgment, and such judgment will not be disturbed on appeal unless against the clear weight of the evidence. *Oklahoma Company v. O'Neil*, 1968 OK 63, ¶ 0(7), 440 P.2d 978, 990 (syllabus 7). The Legislature is undoubtedly familiar with the opinions of this Court applying the equity standard of review. As a consequence, it is likely the Legislature intended appellate courts to show the same deference in reviewing workers' compensation court rulings, as appellate courts show when reviewing equity judgments, to determine if they are against the clear weight of the evidence.

¶ 7 In equity cases, "[t]he judgment of the appellate court should not lightly displace the judgment of the trial court, which had the advantage of observing the witnesses on the stand." *Robert L. Wheeler, Inc. v. Scott*, 1991 OK 95, ¶ 12, 818 P.2d 475, 480. This advantage is the reason that appellate courts in equity cases show great deference to trial court determinations of the credibility of the witnesses and the weight to be given their testimony. *See Peyton v. McCaslin*, 1966 OK 4, ¶ 16, 417 P.2d 316, 321. Before a lower court's decision can be reversed, "the *entire record* will be *examined* and the *evidence weighed,* but the judgment of the trial court will not be reversed unless it appears

to be *clearly* against the weight of the evidence." *Scott*, ¶ 12, 818 P.2d at 479–80; *O'Neil*, ¶ 51, 440 P.2d at 990 (emphasis added).

¶ 8 Before an appellate court undertakes entire record review and weighs the evidence, however, the party seeking review must "state with specificity" why the challenged ruling is against the clear weight of the evidence. Rule 1.301, Form 9, Oklahoma Supreme Court Rules, 12 O.S.2011, Ch.15, App. 1. This rule also provides "General assignments will not suffice." *Id.* It is well settled that a mere assertion, in general terms, that the ruling of the workers' compensation court is wrong will not be considered. *Peters v. Golden Oil Co.*, 1979 OK 123, ¶ 3, 600 P.2d 330, 331.

¶ 9 The party seeking review must identify the evidence the party believes was improperly weighed and provide a specific, cogent argument why the "clear weight" of the evidence supports a different finding or ruling than reached by the trial court. If the party seeking review fails to meet this threshold burden, the appellate courts "will not search the record for [any] error not pointed out by the brief of the complaining party." *Id.* In the absence of argument supported by reference to the record, the appellate court must presume that the challenged decision is *not* "against the clear weight of the evidence." *Id.,* ¶ 4, 600 P.2d at 331.

¶ 10 In conclusion, we hold that Division IV erred in following its holding in *Westoak* and applying the any-competent-evidence standard of review for an injury that occurred during the effective period of 85 O.S.Supp.2010, § 3.6. The against-the-clear-weight-of-the-evidence standard of review set forth in this statute applies to all injuries that occur during its effective period, including the injury in the case at hand. Reviewing appellate courts must show the same deference to the weighing of the evidence by the workers' compensation court as the appellate court would show to a court deciding a case of equitable cognizance. A party who seeks appellate review under this standard of review must "state with specificity" why a

challenged ruling is against the clear weight of the evidence.

¶ 11 In view of the foregoing, the Court of Civil Appeals' opinion in this case is vacated. When the Supreme Court vacates a Court of Civil Appeals' opinion, it may address itself to any issue tendered by the petition for review or remand the claim to the Court of Civil Appeals for that court's resolution. *Yocum v. Greenbriar Nursing Home*, 2005 OK 27, ¶ 16, 130 P.3d 213, 221. We believe that review of the challenged award to determine whether it is against the clear weight of the evidence should be undertaken in the first instance by Division IV, consistent with the views expressed herein. We hence return this case to that court.

**CERTIORARI PREVIOUSLY GRANTED; OPINION OF THE COURT OF CIVIL APPEALS VACATED; CASE REMANDED TO THE COURT OF CIVIL APPEALS WITH DIRECTIONS TO REVIEW THE AWARD TO DETERMINE IF IT WAS AGAINST THE CLEAR WEIGHT OF THE EVIDENCE.**

¶ 12 COLBERT, C.J., REIF, V.C.J., WATT, WINCHESTER, EDMONDSON, TAYLOR, COMBS, and GURICH, JJ., concur.

¶ 13 KAUGER, J., not participating.