JOHNSON v. MIDWEST CITY DEL CITY PUBLIC SCHOOLS



 

 
 
 
 
 
 Skip to Main Content
 Accessibility Statement
 
 
 
 
 
 Help
 Contact Us
 
 
 
 
 e-payments
 Careers
 
 
 
 
 
 
 
 
 
 
 
 Home
 Courts
 Decisions
 Programs
 News
 Legal Research
 Court Records
 Quick Links
 
 
 
 
 
 OSCN Found Document:JOHNSON v. MIDWEST CITY DEL CITY PUBLIC SCHOOLS

 

 
 



 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 JOHNSON v. MIDWEST CITY DEL CITY PUBLIC SCHOOLS
2021 OK 29
Case Number: 118088
Decided: 05/25/2021
As Corrected: June 22, 2021
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2021 OK 29, __ P.3d __

 

 

DARLENE JOHNSON, Petitioner/Appellant
v.
MIDWEST CITY DEL CITY PUBLIC SCHOOLS, OWN RISK #16102, and THE WORKERS' COMPENSATION COMMISSION, Respondents/Appellees.

ON WRIT OF CERTIORARI TO THE 
COURT OF CIVIL APPEALS, DIVISION NO. II

¶0 Darlene Johnson, Appellant, was a school cafeteria worker who sought treatment and compensation from her employer for injuries sustained from a fall inside the employer's parking lot. Employer denied the claim, arguing Johnson was not in the course and scope of employment because her injuries did not occur "inside the employer's facility" within the meaning of 85A O.S.Supp.2013, § 2(13)(d).[1] The administrative law judge awarded benefits to Johnson, finding that her accidental personal injuries occurred inside the employer's facility and arose in the course and scope of employment as defined by Section 2(13)(d). The Workers' Compensation Commission reversed this decision finding the administrative law judge misapplied the law and determined that Johnson was not in the course and scope of employment at the time of her injuries because the parking lot was not "inside the employer's facility." The Court of Civil Appeals affirmed the decision by the Commission. We vacate the opinion by the Court of Civil Appeals and hold that the decision of the administrative law judge was neither against the clear weight of the evidence nor contrary to law and further that the decision of the Workers' Compensation Commission was in excess of statutory authority or jurisdiction and affected by other errors of law.

COURT OF CIVIL APPEALS' OPINION VACATED; ORDER
OF WORKERS' COMPENSATION COMMISSION EN BANC
REVERSED AND REMANDED FOR PROCEEDINGS 
CONSISTENT WITH THIS OPINION.

William R. Emig, PARRISH DEVAUGHN, PLLC, Oklahoma City, Oklahoma, for Petitioner

W. Jeffrey Dasovich, Oklahoma City, Oklahoma, for Respondent

Edmondson, J.

FACTUAL AND PROCEDURAL BACKGROUND

¶1 Johnson, an employee of the Midwest City Del City Public Schools, fell in the school parking lot sustaining injuries on September 15, 2017. Immediately prior to this fall, Johnson had walked off the employer's facility onto an adjacent city street to take an authorized work break to smoke a cigarette. It is undisputed that (1) no injury occurred to Johnson while she was outside of the employer's facility premises, (2) Johnson was "clocked in" when she fell in the parking lot, and (3) her supervisor authorized her work break. It is further undisputed that the location where Johnson smoked her cigarette complied with the employer/school policy with regard to tobacco products.

¶2 Midwest City Del City Public Schools have a smoke-free campus policy.[2] At the time of this accident, the use of tobacco products inside the school premises was prohibited. Johnson explained that because of this policy, she would leave the school property to smoke. On this day, she walked off of the school facility grounds and onto a nearby city street and smoked her cigarette. When Johnson finished smoking, she walked off of the city street, re-entered the school premises and walked through the school parking lot to return to the school building. While in the parking lot, her foot hit a piece of broken concrete causing her to stumble and she "just went on over and slammed into the building and then fell back to the ground."[3] Johnson was so close to the school building that her head bounced off the outside wall, causing her to fall backwards onto the ground. In an attempt to brace her fall, she stretched her right arm out as she hit the ground, breaking her upper arm and damaging her rotator cuff. Employer described Johnson's injuries as occurring after her smoke break once she was back on school property. [4]

¶3 Johnson was transported by ambulance to a local hospital for immediate surgical repair of the broken arm. Two months later she required a second surgery to repair her rotator cuff. The doctor did not authorize Johnson to return to work until almost two years after her accident. Employer terminated Johnson's employment in September 2019. She never returned to work for the school after her injuries. At the time of this accident, Johnson was 72 years old, and she had been employed with the Midwest City Del City Public School system for more than eleven years.

¶4 Johnson filed a claim to recover damages for her injuries under the Oklahoma Administrative Workers' Compensation Act (AWCA). 85A O.S.Supp.2013, §§ 1-125. Employer denied Johnson's claim for benefits, asserting that she was not in the "course and scope of employment" at the time of her fall. Employer acknowledged that Johnson was injured in the school parking lot but argued to the Commission that Johnson's injuries fell outside the definition of "course and scope of employment" because 1) she was on a work break and 2) the injury occurred in the school parking lot which was not "inside the employer's facility."

¶5 This claim was tried before an Administrative Law Judge who determined that because Johnson was on an authorized work break at the time she fell "inside the employer's facility (parking lot), her injuries arose in the course and scope of her employment.[5] The ALJ found that the injuries to her right arm and right shoulder were compensable under the AWCA.[6] The ALJ rejected the employer's argument and found all of the requirements of Section 2(13)(d) were met and that Johnson met the definition of course and scope of employment when she was injured. The ALJ awarded benefits and directed Employer to provide reasonable and necessary medical treatment.

¶6 Employer filed a request for review of the decision by the ALJ, and the Workers' Compensation Commission en banc heard the matter. The Commission reversed the decision of the ALJ, concluding that Johnson was not in the course and scope of employment because she was in the parking lot at the time of injury following her authorized work break. In reaching this finding, the Commission noted that the term "facility" was not "statutorily defined."[7] The Commission found "the term 'facility' refers to the place where the employee performs 'an activity of any kind or character for which the employee was hired and that relates to and derives from the work, business, trade or profession of an employer.'"[8] The Commission cited no Oklahoma case law defining "facility" in support of this conclusion; rather the Commission relied on the definition of "facility" cited in two different dictionaries. The Commission also noted that "the Claimant was on the employer's premises when the injury occurred"[9] and that she was clocked in at the time of injury.[10]

¶7 The Commission found that (1) Johnson performed all of her work-related duties in the cafeteria building, (2) she did not perform any work-related duties in the parking lot, (3) she was not required to leave the cafeteria or school building for work breaks, and (4) "therefore, we find that Claimant's injuries did not occur inside the employer's facility."[11] Based on these findings, the Commission concluded that Johnson was not "inside the facility" within the meaning of 85A O.S.Supp.2013, § 2(13)(d) and reversed the decision of the ALJ. The record contains no testimony or other evidence to support any of these findings by the Commission. The hearing transcripts reveal that Johnson was never asked where she performed all of her work duties nor whether her work duties ever entailed entering the parking lot. Although Johnson did testify that there was an employee break room inside the school building, she was never asked the question if she was "required" to leave the school building for a work break. However, it is uncontroverted that all parties agree that Johnson could not smoke her cigarette anywhere within the employer's facility. All parties agree there was no designated place where Johnson could smoke inside the school grounds.

¶8 Johnson filed a Petition for Review raising the issues of (1) whether the Commission's findings as outlined in the Order by the ALJ were against the clear weight of the evidence, contrary to Oklahoma law or not supported by testimony presented at trial; (2) whether the Commission en banc's findings were against the clear weight of the evidence, clearly erroneous in view of the evidence, arbitrary and capricious, or contrary to Oklahoma law; and (3) whether 85A O.S.Supp.2013, § (2)(13)(d), operates to bar compensation when applied to the testimony and evidence? On appeal, Johnson urged that since the date of the accident in 2017, the Oklahoma Legislature has since clarified Section 2(13)(d) as follows: .

d. any injury occurring while an employee is on a work break, unless the injury occurs while the employee is on a work break inside the employer's facility or in an area owned by or exclusively controlled by the employer and the work break is authorized by the employer's supervisor.

85 A O.S.Supp.2019 § 2(13)(d) (emphasis added). Johnson also urged that the Cambridge dictionary cited by the Commission en banc to include a school with multiple buildings and common areas constituted the definition of "facility" and thus, even without the 2019 amendment, Johnson would be considered "inside the facility" at the time of injury.

¶9 In response to the Petition for Review, employer noted that Johnson was required to leave the school's campus to smoke and that "after the break" she returned to the school property and slipped on loose rock, fell, and bounced off the side of the school building, sustaining injuries to the right side of her body. Employer argued that if Johnson had not been a smoker, "she would not have been required to leave the premises to smoke her cigarette and she would not have been injured."[12]

¶10 The Court of Civil Appeals noted the 2019 amendment to Section 2 (13)(d) of the AWCA but concluded that the revision did not constitute a clarification of this section and did not warrant retroactive application. After an analysis of the conclusions of the Commision en banc, the Court of Civil Appeals found that the Commission's order was not affected by error of law or clearly erroneous in view of the evidence and sustained the Order Reversing the Decision of the Administrative Law Judge.

STANDARD OF REVIEW

¶11 The standard of review to be followed in appellate review by the Supreme Court of a decision or order from the Commission is specified in the AWCA. It may be modified, reversed, remanded or set aside only for limited reasons including when it is (1) in excess of the statutory authority or jurisdiction of the Commission, (2) made on unlawful procedure, (3) affected by other error of law, or (4) arbitrary or capricious. 85A O.S. 2014, § 78(c)(2)-(4),(6).

¶12 In order to determine if the Commission has acted in excess of statutory authority, we turn to the parameters given in the AWCA. The Commission may reverse or modify the decision or award of an ALJ only if it determines the decision was (1) against the clear weight of the evidence or (2) contrary to law. 85A O.S. Supp.2014, § 78(a). When applying the "clear weight of the evidence" standard, the presumption is in favor of the trial court's decision. Peoplelink, LLC v. Bear, 2014 OK 65, ¶ 6, 373 P.3d 1019, 1021; see also, Union Tex. Petroleum v. Corp. Comm'n. of State of Okl., 1981 OK 86, ¶ 31, 651 P.2d 652, 662, "[U]pon review of an agency decision, we will examine the record only to determine if the evidence supportive of the order possesses sufficient substance as to induce a conviction as to the material facts"). The "clear weight of the evidence" standard calls for great deference and the decision under review should not be dismissed unless a full review of the record, findings, and conclusions appear to be clearly against the weight of the evidence. Peoplelink, 2014 OK 65, ¶ 7, 373 P.3d at 1021.

¶13 We review questions of law under a de novo standard, which is plenary, independent, and non-deferential. Legarde-Bober v. Okla. State Univ., 2016 OK 78, ¶ 5, 378 P.3d 562, 564.

ANALYSIS

¶14 To determine if the Commission acted within its legislative authority, we begin with a review of the record to determine if the findings and conclusions of the ALJ are supported by the clear weight of the evidence or contrary to law. The administrative law judge made the following findings in the Order:

Title 85A O.S. § 2(13)(d) provides that an employee who is on a work break and is injured is not in the course and scope of employment unless the employee is on a work break inside the employer's facility and the work break is authorized by the employee's supervisor. Claimant meets both of these criteria. She was on a work break inside the employer's facility (parking lot) and was on a work break authorized by the employee's supervisor. She was not smoking at the time of her injury.[13]

The uncontroverted facts revealed that at the time of Johnson's injury: (1) Johnson was clocked in; (2) her supervisor had authorized a work break; (3) Employer prohibited the use of tobacco within the school premises; (4) immediately prior to injury, Johnson was off-site to smoke, where no injury occurred; (5) Johnson tripped on loose concrete on school premises, in the employer's parking lot; and (6) Johnson injured her right arm and shoulder as a result of this fall. Johnson had to leave the school facility grounds to smoke a cigarette, because of the policy prohibiting tobacco inside of the educational facility grounds. Thus, even the school treated the parking lot as part of the facility grounds. Not only are the findings and conclusions supported by the clear weight of the evidence, there is no evidence to refute any of the findings of the ALJ. We hold that the clear weight of the evidence supports the factual findings outlined in the Order issued by the ALJ.

¶15 Next, we examine whether the decision by the ALJ was "contrary to law." The AWCA includes a definition of "course and scope of employment" that includes four subparts identifying exclusions to this term. There was only one subpart raised by Respondent and discussed by the ALJ. The relevant portions of this definition are as follows:

13. "Course and scope of employment" means an activity of any kind or character for which the employee was hired and that relates to and derives from the work, business, trade or profession of an employer, and is performed by an employee in the furtherance of the affairs or business of an employer. The term includes activities conducted on the premises of an employer or at other locations designated by an employer and travel by an employee in furtherance of the affairs of an employer that is specifically directed by the employer. This term does not include:

. . . .

d. any injury occurring while an employee is on a work break, unless the injury occurs while the employee is on a work break inside the employer's facility and the work break is authorized by the employee's supervisor.

85A O.S.Supp.2013, § 2(13)(c)-(d) (emphasis added). We note that subpart (d) generally excludes injuries occurring on a work break. The legislature clearly outlined an exception to this general rule. Injuries that arise while an employee is on a work break will not be excluded from the definition of "course and scope of employment" if the following are present: (1) employee is on an authorized work break and (2) the employee is on a work break inside of the employer's facility. The only disputed issue within this definition was whether the school parking lot was "inside the employer's facility." The ALJ determined that the school parking lot constituted part of the employer's facility. The Commission's review was limited to whether this finding and conclusion was supported by the clear weight of the evidence or was contrary to law.

¶16 School has urged that injuries occurring inside the employer owned parking lot should not be considered "inside the employer's facility." Respondent failed to cite any case that supported this narrow interpretation. In the Order reversing the decision of the ALJ, the Commission en banc cited to "facility" definition from two separate dictionaries. The Commission did not refer to any Oklahoma legal authority adopting either of these definitions in application to Section 2(13)(d). The Commission goes on to reach a finding and conclusion "according to these definitions, a facility functions to serve a particular purpose. Within the context of 85A O.S.Supp.2013, §2(13) (d), we find the term 'facility' refers to the place where the employee performs 'an activity of any kind or character for which the employee was hired and that relates to and derives from the work, business, trade or profession of an employer.'"[14] The Commission goes on to state that "Claimant worked as a cafeteria assistant and performed all of her work-related duties in the cafeteria building. Claimant performed no work-related duties in the parking lot and was not required to leave the cafeteria or school building on her work breaks."[15] Although all parties agree that Claimant worked as a cafeteria assistant, there is no evidence that (1) she "performed all of her work-related duties in the cafeteria building, and (2) that "she performed no work-related duties in the parking lot." The record is silent on both of these points. Not only was there no evidentiary to support these conclusions, the Commission en banc failed to establish that the lower tribunal decision was contrary to law.

¶17 The Commission en banc stated that their newly applied construction of course and scope of employment and the newly created definition of the term "facility" were supported by Legarde-Bober. However, the Commission cited no legal holding within Legarde-Bober that supports the narrow definition of course and scope of employment nor for the conclusion that injuries occurring inside of an employer's parking lot are excluded while on a work break. We also rejected in Legarde-Bober an interpretation that the parking lot and sidewalk of an educational facility should be treated as property lying near or close, nearby or having a common border. Instead we pointed out the employer's admission that "the parking lot and sidewalk were in fact on the premises of the OSU/OKC campus," the educational facility for whom the claimant worked, and held that the employee's injuries were covered under the AWCA. Legarde-Bober, 2016 OK 78 ¶ 9, 378 P.3d at 565. As a matter of law, we do not find that the Order of the ALJ was "contrary to law" in the context of Legarde-Bober. This Court has long since recognized that in the context of a workers' compensation claim, the employer's parking lot constitutes an employer's premises. Turner v. B Sew Inn, 2000 OK 97, ¶11, 18 P.3d 1070, 1073 (even a parking lot not owned by employer but provided by the Landlord for the use of employees acquiesced by the employer). We also noted in Turner that since 1944 this Court has consistently recognized that injuries occurring on premises owned or controlled by the employer while going to and coming from work are deemed to have arisen in the course and scope of employment. Id. at ¶ 16, 18 P.3d at 1074 (citations omitted). Recovery of workers' compensation benefits has even been allowed to an employee who was struck by a motor scooter when crossing a city street in order to reach his car in the employer-provided parking lot. Fudge v. Univ. of Okla., 1983 OK 67, ¶ 1, 673 P.2d 149, 150. This Court noted that the employee had to cross a city street out of necessity to reach the designated parking lot which was an employer-created hazard, and the employee crossing such street in going to or coming from lunch was deemed to have arisen out of and in the course of employment. Id. In the matter before this Court, Johnson had to leave the school premises because tobacco use was prohibited inside the school premises. Johnson was acting within the course and scope of her employment by honoring this policy of her employer. Johnson's injuries arose inside the school premises.

¶18 There is additional related legislation that provides guidance with regard to what constitutes the "employer's facility" in the context of an educational facility. The very reason why Johnson had to leave the school premises to smoke stems from public health legislation banning smoking on any educational facility like Midwest City Del City Public Schools. This legislation makes clear that an "educational facility" includes parking lots and grounds. The public health legislation in effect at the time of this incident which prohibited smoking at a school stated:

B. 1. Except as otherwise provided in paragraph 2 of this subsection, an educational facility which offers an early childhood education program or in which children in grades kindergarten through twelve are educated shall prohibit smoking, the use of snuff, chewing tobacco or any other form of tobacco product in the buildings and on the grounds of the facility by all persons including, but not limited to, full-time, part-time, and contract employees, during the hours of 7:00 a.m. to 4:00 p.m., during the school session, or when class or any program established for students is in session.

. . . .

B. 4. Smoking tobacco or marijuana or vaping marijuana shall be prohibited in an educational facility as defined in the 24/7 Tobacco-free Schools Act and as provided for in Section 1210.213 of Title 70 of the Oklahoma Statutes.

C. Nothing in this section shall be construed to prohibit educational facilities from having more restrictive policies regarding tobacco or marijuana smoking or marijuana vaping and the use of other marijuana or tobacco products in the buildings or on the grounds of the facility.

H h 63 O.S.Supp.2017 § 1-1523 (emphasis added). We hold that the decision of the ALJ is consistent with existing legislation regarding what constitutes an "educational facility" and the decision of the ALJ is not contrary to law.

¶19 We have noted the amendment to 85A O.S. § 2(13) (c) and (d) that became effective in 2019:

c. any injury occurring in a parking lot or other common area adjacent to an employer's place of business before the employee clocks in or otherwise begins work for the employer or after the employee clocks out or otherwise stops work for the employer unless the employer owns or maintains exclusive control over the area, or

d. any injury occurring while an employee is on a work break, unless the injury occurs while the employee is on a work break inside the employer's facility or in an area owned by or exclusively controlled by the employer and the work break is authorized by the employee's supervisor.

85A O.S. Supp.2019, § 2(13) (c) - (d) (emphasis added). When an earlier statute is unclear in some respect and a later enactment attempts to remove the ambiguity, the amendatory statute constitutes a clarifying amendment to be given retrospective force. Polymer Fabricating, Inc. v. Emp'rs. Workers' Comp. Ass'n., 1998 OK 113, ¶ 15, 980 P.2d 109, 115. However, we need not decide this issue of statutory construction.

CONCLUSION

¶20 The Commission's authority to modify or reverse the decision of the ALJ was limited to either finding that the decision was not supported by the clear weight of the evidence or contrary to law. We hold that the uncontroverted evidence meets the clear weight of the evidence standard and supported the findings and conclusions of the ALJ. We further hold that there has been no legal authority presented to this Court supporting a finding that the decision from the ALJ was in any respect contrary to law. Accordingly, the Commission acted in excess of its authority and contrary to law in reversing the Order Finding Compensability and Awarding Temporary Total Disability.

COURT OF CIVIL APPEALS' OPINION VACATED; ORDER
OF WORKERS' COMPENSATION COMMISSION EN BANC
REVERSED AND REMANDED FOR PROCEEDINGS
CONSISTENT WITH THIS OPINION.

CONCUR: DARBY, C.J., KAUGER, EDMONDSON, COMBS, and GURICH, JJ.

DISSENT: KANE, V.C.J., (by separate writing), WINCHESTER, J. and ROWE, J. (by separate writing).

FOOTNOTES

[1] This subsection of the statute was revised in 2019 subsequent to Claimant's injuries and will be discussed in more depth herein.

[2] ROA, Doc. #21, Hr'g. Tr. 17, Oct. 15, 2018.

[3] Id. at 8.

[4] Resp'ts. Answer Br. 2 (citing Hr'g. Tr. 7-8).

[5] ROA, Doc. # 13, Order Finding Compensability & Awarding TTD p. 3, filed Oct. 24, 2018.

[6] Id.

[7] ROA, Doc. # 19, Order Reversing Decision of ALJ, p.2. June 24, 2019.

[8] Id. quoting 85A O.S.Supp.2013, § (2)(13)

[9] Id.

[10] Id.

[11] Id.

[12] Resp't's Answer Br. 5.

[13] ROA, Doc. #13, Order Finding Compensability & Awarding TTD p.2, Oct. 24, 2018.

[14] ROA, Doc. # 19, Order Reversing Decision of ALJ 2, June 24, 2019.

[15] Id.

 

 

KANE, V.C.J., with whom Winchester, J. joins, dissenting:

¶1 I write separately to clarify the proper standard of review.

¶2 "The law in effect at the time of the injury controls both the award of benefits and the appellate standard of review." Pina v. Am. Piping Inspection, Inc., 2018 OK 40, ¶ 13, 419 P.3d 231, 235. Johnson was injured on September 15, 2017, after the effective date of the Administrative Workers' Compensation Act (AWCA). Therefore, the AWCA provides this Court's standard of review. Section 78(C) of the AWCA provides, in pertinent part:

C. The judgment, decision or award of the Commission shall be final and conclusive on all questions within its jurisdiction between the parties unless an action is commenced in the Supreme Court of this state to review the judgment, decision or award within twenty (20) days of being sent to the parties. Any judgment, decision or award made by an administrative law judge shall be stayed until all appeal rights have been waived or exhausted. The Supreme Court may modify, reverse, remand for rehearing, or set aside the judgment or award only if it was:

1. In violation of constitutional provisions;
2. In excess of the statutory authority or jurisdiction of the Commission;
3. Made on unlawful procedure;
4. Affected by other error of law;
5. Clearly erroneous in view of the reliable, material, probative and substantial competent evidence;
6. Arbitrary or capricious;
7. Procured by fraud; or
8. Missing findings of fact on issues essential to the decision.

85A O.S.Supp.2013 § 78(C).

¶3 Johnson commenced this action in the Supreme Court for us to review the Workers' Compensation Commission's decision that her injuries were not compensable. In her brief-in-chief, Johnson raises a single issue for this Court to review: whether the Commission erred in how it interpreted the language "inside the employer's facility" in 85A O.S.Supp.2013 § 2(13)(d). Johnson's allegation of error implicates 85A O.S. § 78(C)(4), which permits this Court to reverse the Commission's decision if it was affected by an error of law. Statutory interpretation presents a question of law, which the appellate court reviews de novo. See Legarde-Bober v. Okla. State Univ., 2016 OK 78, ¶ 5, 378 P.3d 562, 564; Patterson v. Sue Estell Trucking Co., 2004 OK 66, ¶ 5, 95 P.3d 1087, 1088. Such review is plenary, independent, and non-deferential. Id.

¶4 Johnson does not seek review of any factual determinations. The material facts are not in dispute. Johnson was injured while on a work break. She was in the parking lot when she was injured. The work break was authorized by her supervisor. "[W]here there is no dispute as to the facts, whether an accidental injury occurred in the course of employment is a question of law." Pina, 2018 OK 40, ¶ 15, 419 P.3d at 236. This case turns on a single question of law: does the statutory language "inside the employer's facility," as used in 85A O.S. § 2(13)(d), include the employer's parking lot? Answering that question resolves whether Johnson was acting within the course and scope of employment. Reviewing the evidence is unnecessary and improper.

¶5 Rather than reviewing the Commission's decision for an error of law, pursuant to 85A O.S. § 78(C)(4), the majority undertakes a de novo reweighing of the evidence. The majority reviews the ALJ's order to determine if it was "against the clear weight of the evidence."[1] This reweighing is beyond the scope of our review because (1) there are no questions of fact for the Court to review; (2) if there were, the Court should review the Commission's decision, not the ALJ's decision; and (3) for fact issues, the Court should determine whether the Commission's decision was "clearly erroneous in view of the reliable, material, probative and substantial competent evidence," pursuant to 85A O.S. § 78(C)(5).

¶6 According to the AWCA, "against the clear weight of the evidence" is the standard the Commission--not this Court--is to follow when reviewing an ALJ's factual determinations. Section 78(A) provides, in pertinent part:

A. Any party feeling aggrieved by the judgment, decision, or award made by the administrative law judge may, within ten (10) days of issuance, appeal to the Workers' Compensation Commission. After hearing arguments, the Commission may reverse or modify the decision only if it determines that the decision was against the clear weight of the evidence or contrary to law.

85A O.S. § 78(A). The majority applies the wrong standard of review and conducts a reweighing of the evidence identical to that conducted by the Commission, which is not authorized by § 78(C). See Mullendore v. Mercy Hosp. Ardmore, 2019 OK 11, ¶ 13, 438 P.3d 358, 370 (Wyrick, V.C.J., dissenting).

¶7 The majority indicates it is reviewing whether the Commission acted in excess of its statutory authority. See Majority Op. ¶¶ 12, 14, 20. "The Supreme Court may modify, reverse, remand for rehearing, or set aside the judgment or award only if it was . . . [i]n excess of the statutory authority or jurisdiction of the Commission . . . ." 85A O.S. § 78(C)(2). The majority concludes the Commission's authority to modify or reverse the decision of the ALJ was limited to either finding that the decision was not supported by the clear weight of the evidence or contrary to law and, because this Court disagrees with the Commission's determinations on issues of law and fact, the Commission was acting outside its statutory authority or jurisdiction. See Majority Op. ¶ 20. The majority's reliance on 85A O.S. § 78(C)(2) to justify applying the "against the clear weight of the evidence" standard of review is misplaced.[2] Applying the law in this fashion allows the Court to circumvent the standard of review set forth by the Legislature in § 78(C)(5) and revert to the pre-AWCA standard of review.[3]

¶8 Confusion about the proper standard of review is further compounded by the Court's apparent abandonment of the "substantial evidence" standard of review pronounced in Brown v. Claims Management Resources Inc., 2017 OK 13, 391 P.3d 111. The AWCA provides that the Supreme Court may modify or reverse the Commission's decision if it is "clearly erroneous in view of the reliable, material, probative and substantial competent evidence." 85A O.S. § 78(C)(5). In Brown, this Court expansively read § 78(C)(5) to say "[o]n issues of fact, the Commission's order will be affirmed if the record contains substantial evidence in support of the facts upon which it is based and the order is otherwise free of error." Brown, 2017 OK 13, ¶ 11, 391 P.3d at 115; see Mullendore, 2019 OK 11, ¶¶ 12-17, 438 P.3d at 369-372 (Wyrick, V.C.J., dissenting). Since then, the Court has applied the Brown standard when reviewing the Commission's factual determinations. See, e.g., Mullendore, 2019 OK 11, ¶¶ 13, 17, 21, 438 P.3d at 363-65; Pina, 2018 OK 40, ¶ 15, 419 P.3d at 236. But today, the majority does not mention the clearly erroneous standard of review found at § 78(C)(5) or the Brown standard for reviewing factual matters. Rather, the Court applies the "against the clear weight of the evidence" standard of review, bootstrapped by § 78(C)(2). Practitioners and Court of Civil Appeals judges who are tasked with discerning the standard of review will have a difficult time squaring the teachings of this case with § 78(C)(5) and Brown.

¶9 I respectfully dissent.

FOOTNOTES

[1] The majority also reviews the ALJ's order to determine if it was "contrary to law." The Court should have reviewed the Commission's order to determine if it was "affected by [an] error of law," pursuant to 85A O.S. § 78(C)(4). However, this misapplication of the standard of review is harmless because, under either standard, questions of law are reviewed de novo.

[2] An example of the Commission acting outside its statutory authority would be if the Commission ignored the legislatively-prescribed standard of review in § 78(A) and applied a different standard of review to the ALJ's order.

[3] Prior to enactment of the AWCA, the Court could reverse or modify an order of the three-judge panel of the Workers' Compensation Court if the order was against the clear weight of the evidence. See 85 O.S.2011 § 340(D)(4); 85 O.S.Supp.2010 § 3.6(C)(4).

 

 

ROWE, J., with whom WINCHESTER, J., joins, dissenting:

¶1 The Administrative Workers' Compensation Act ("AWCA") makes clear that injuries incurred while an employee is on a break are not within the course and scope of employment, "unless the injury occurs while the employee is on a work break inside the employer's facility and the work break is authorized by the employee's supervisor." 85A O.S.Supp.2013 § 2(13)(d) (emphasis added). The majority reads this qualifying language--specifically "inside the employer's facility"--very broadly, taking it to mean that any injury that occurs during an authorized break on the employer's premises falls within the course and scope of employment. This interpretation is inconsistent with the plain meaning of the statute and the Legislature's intent.

¶2 In reaching this interpretation, the majority relies on Bober v. Oklahoma State University, 2016 OK 78, 378 P.3d 562. In Bober, the employee sustained injuries after slipping on an icy sidewalk outside the building in which she worked prior to the beginning of her shift. Id. ¶2, 378 P.3d at 563. We determined that the employee's injuries occurred in the course and scope of her employment, as defined in 85A O.S.Supp.2013 § 2(13), because at the time of her injury, her actions were related to the business of her employer and she was on the employer's premises. We also analyzed the specific exceptions to the course and scope of employment in § 2(13)(a)-(d) and determined that none of them applied. The majority is correct that in Bober we determined that the sidewalk outside the employer's building was "on the [employer's] premises" for the purpose of determining whether the injury occurred in the course and scope of employment. The majority, however, misreads Bober insofar as it conflates the definition of "on the [employer's] premises" with "inside the employer's facility," especially since we determined that § 2(13)(d) was not applicable in that case.

¶3 Our primary goal in interpreting statutory language is to ascertain and, if possible, give effect to the intent and purpose of the Legislature. Hamilton v. Northfield Ins. Co., 2020 OK 28, ¶8, 473 P.3d 22, 26. In so doing, we presume that every provision was intended for some useful purpose. Id. (citing Darnell v. Chrysler Corp., 1984 OK 57, ¶5, 687 P.2d 132, 134). If possible, we will interpret a statute in a manner which renders every word operative, rather than one which makes some words idle and meaningless. Id. ¶9, 473 P.3d at 26. Moreover, we consider relevant provisions together, with the purpose of giving force and effect to each. Id. In keeping with these principles, we must attempt to ascertain the Legislature's intent in using the phrase "inside the employer's facility" in § 2(13)(d), rather than the phrase "on the premises"--which is used earlier in the text of the statute.

¶4 The terms "inside" and "employer's facility" are not explicitly defined in the AWCA. Absent a statutory definition, words are to be understood in their ordinary meaning unless context indicates the Legislature intended a different meaning. In re Protest of Hare, 2017 OK 60, ¶10, 398 P.3d 317, 319-20. Thus, we understand the operative phrase "inside the employer's facility" in context to mean that the injury must have occurred inside a building or establishment where the employer conducts its business in order to be compensable under the AWCA. Conversely, injuries that occur outside that building or establishment would not be compensable. It appears that the Legislature's intent in using the "inside the employer's facility" language was to narrow the scope of compensable injuries that occur while an employee is on an authorized break, as compared to those that occur in the course and scope of an employee's work.

¶5 The majority's interpretation of the "inside the employer's facility" language, although not unreasonable, is not in accord with our principles of statutory interpretation, as it would render the phrase idle and meaningless. Hamilton, 2020 OK 28, ¶9, 473 P.3d at 26. If the Legislature had intended to make the scope of compensable injuries that occur on an authorized break as broad as those which occur in the course of an employee's work, it could have used the phrase "on the employer's premises," or simply omitted the qualifying language altogether. Instead, the Legislature incorporated the language at issue, and we must apply its ordinary meaning as written.[1]

¶6 Accordingly, I respectfully dissent.

FOOTNOTES

[1] Antonin Scalia & Bryan A. Garner, Reading Law: The Interpretation of Legal Texts 69 (2012) ("The ordinary-meaning rule is the most fundamental semantic rule of interpretation. ... Interpreters should not be required to divine arcane nuances or to discover hidden meanings.").

 





 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Supreme Court Cases
 Cite
Name
Level

 2000 OK 97, 18 P.3d 1070, 71 OBJ 3237, TURNER v. B SEW INN
Discussed
 2004 OK 66, 95 P.3d 1087, PATTERSON v. SUE ESTELL TRUCKING CO.
Discussed
 2014 OK 65, 373 P.3d 1019, PEOPLELINK, LLC. v. BEAR
Discussed at Length
 2016 OK 78, 378 P.3d 562, BOBER v. OKLAHOMA STATE UNIVERSITY
Discussed at Length
 2017 OK 13, 391 P.3d 111, BROWN v. CLAIMS MANAGEMENT RESOURCES INC.
Discussed at Length
 2017 OK 60, 398 P.3d 317, IN THE MATTER OF THE INCOME TAX PROTEST OF HARE
Discussed
 2018 OK 40, 419 P.3d 231, PINA v. AMERICAN PIPING INSPECTION
Discussed at Length
 2019 OK 11, 438 P.3d 358, MULLENDORE v. MERCY HOSPITAL ARDMORE
Discussed at Length
 2020 OK 28, 473 P.3d 22, HAMILTON v. NORTHFIELD INSURANCE CO.
Discussed at Length
 1981 OK 86, 651 P.2d 652, Union Texas Petroleum, A Div. of Allied Chemical Corp. v. Corporation Com'n of State of Okl.
Discussed
 1998 OK 113, 980 P.2d 109, 69 OBJ 4068, Polymer Fabricating, Inc. v. Employers Workers' Compensation Association
Discussed
 1983 OK 67, 673 P.2d 149, Fudge v. University of Oklahoma
Discussed
 1984 OK 57, 687 P.2d 132, Darnell v. Chrysler Corp.
Discussed
Title 63. Public Health and Safety
 Cite
Name
Level

 63 O.S. 1-1523, Prohibition Against Smoking - Exemptions
Cited
Title 85. Workers' Compensation
 Cite
Name
Level

 85 O.S. 340, Repealed
Cited
 85 O.S. 3.6, Repealed
Cited
Title 85A. Workers' Compensation
 Cite
Name
Level

 85A O.S. 2, Definitions
Discussed at Length
 85A O.S. 78, Workers' Compensation Commission - Appeal to Commission - Appeal to Supreme Court
Discussed at Length


 
 








 
 
 
 

 
 




 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA